Argued and submitted July 31, judgment vacated; remanded for further
proceedings October 1, respondent's petition for reconsideration filed November 5
and appellant's response to petition for reconsideration filed November 10, 2008,
allowed by opinion January 28, 2009
See 225 Or App 386, _____ P3d _____ (2009)

# STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

# ISAAC S. HARDING,
true name Isaac S. Harden,
*Defendant-Appellant.*

## Multnomah County Circuit Court
970432879; A133051

193 P3d 1055

Robin A. Jones, Senior Deputy Public Defender, argued the cause for appellant. With her on the brief was Peter Gartlan, Chief Defender, Legal Services Division, Office of Public Defense Services.

Jamie Contreras argued the cause for respondent. On the brief were Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Anna M. Joyce, Assistant Attorney General.

Before Rosenblum, Presiding Judge, and Brewer, Chief Judge, and Richardson, Senior Judge.

BREWER, C. J.

## BREWER, C. J.

In 1999, defendant was convicted after a jury trial of one count of attempted murder, ORS 163.115, ORS 161.405, and one count of second-degree assault, ORS 163.175. The trial court imposed an upward departure sentence of 144 months' imprisonment for the attempted murder conviction based on its findings of departure factors, and a concurrent mandatory minimum sentence of 70 months for the assault. This court affirmed without opinion in 2002, and the Oregon Supreme Court denied review. *State v. Harding*, 183 Or App 533, 53 P3d 471, *rev den*, 335 Or 90 (2002).

After the appellate judgment issued, defendant moved in the trial court for correction of errors in the judgment pursuant to ORS 138.083(1)(a).[1] He made two arguments: (1) The judgment erroneously failed to include language indicating that defendant could be considered for alternative programs pursuant to ORS 137.750 during a portion of one of his sentences, and (2) the judgment erroneously imposed an upward departure sentence of 144 months' imprisonment for the attempted murder on the basis of findings made by the court, in violation of defendant's Sixth Amendment rights. *See generally Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004). In particular, as to the upward departure sentence, defendant requested that the trial court delete the purportedly erroneous 144-month departure sentence, and substitute a 90-month mandatory minimum sentence for the attempted murder. The trial court concluded that it had authority to correct the first of those errors pursuant to ORS 137.754, which specifically contemplates such corrections, but further concluded that it lacked "jurisdiction" to correct the second error pursuant to ORS 138.083. Accordingly, the court entered an amended judgment that remedied the first error but retained

---

[1] ORS 138.083(1)(a) provides:

"The sentencing court shall retain authority irrespective of any notice of appeal after entry of judgment of conviction to modify its judgment and sentence to correct any arithmetic or clerical errors or to delete or modify any erroneous term in the judgment. The court may correct the judgment either on the motion of one of the parties or on the court's own motion after written notice to all the parties."

the provision from the earlier judgment that defendant would serve a departure sentence on the attempted murder conviction on the basis of findings made by the court. Defendant appeals. For the reasons explained below, we vacate the judgment and remand to the trial court for further consideration of the matter.

■ In response to defendant's argument that the trial court erred in failing to correct the erroneous departure sentence, the state first asserts that (1) the amended judgment is not appealable, and (2) the issue is not reviewable. As explained below, the state is incorrect in both regards. "Appealability" concerns whether this court has appellate jurisdiction over an appeal and is determined by reference to statutes that identify particular types of judgments or orders as appealable or not. *See generally State v. Stubbs*, 193 Or App 595, 91 P3d 774 (2004) (discussing issue). Whether a judgment or order is appealable is determined by examination of the judgment or order itself; it is not determined by reference to the arguments made on appeal. "Reviewability," on the other hand, concerns what issues a court may consider on appeal. *See generally State v. Montgomery*, 294 Or 417, 420, 657 P2d 668 (1983) ("*Appealability* generally is concerned with whether an appeal can be taken at all. * * * *Reviewability* generally involves the consideration of a variety of rulings and orders made by the court, usually before judgment." (Emphasis in original.)).

■ ORS 138.053(1) provides, in part, that a judgment entered in a criminal case

"is subject to the appeal provisions and limitations on review under ORS 138.040 and 138.050 if the disposition includes * * *

"(a) Imposition of a sentence on conviction."

The amended judgment in this case replaced the earlier judgment, and it imposed sentences on defendant's convictions. It thus is subject to the appeal provisions of ORS 138.040.[2] ORS 138.040(1)(b)(A) provides, in part, that an appellate court may determine whether a disposition described in ORS

---

[2] ORS 138.050 contains limitations on appeal from cases involving guilty or no contest pleas and has no applicability in the present case.

138.053 "[e]xceeds the maximum allowable by law." It is beyond dispute that, pursuant to ORS 138.040, numerous defendants have successfully raised challenges to the constitutionality of their departure sentences. *See, e.g., State v. Dilts*, 337 Or 645, 103 P3d 95 (2004) (the Sixth Amendment precludes judicial factfinding in support of upward departure sentences under Oregon's sentencing guidelines). The state, however, asserts in the present case that, although the court entered an amended judgment, "the denial of defendant's motion to correct the judgment was not independently appealable because it does not fall under the scope of appealable orders under ORS 138.053," citing *State v. Hart*, 188 Or App 650, 72 P3d 671, *rev den*, 336 Or 126 (2003).

The state fails to appreciate a significant difference between the present case and *Hart*. In *Hart*, the defendant filed a motion to correct a judgment pursuant to ORS 138.083, and the trial court denied the motion in its entirety. The defendant "appealed *from the trial court's order denying his motion* to correct the judgment." *Id.* at 652 (emphasis added). We examined the order denying the motion and concluded that, under ORS 138.053(1), "only post-judgment orders that impose a sentence, suspend imposition or execution of a sentence, or affect probation can be appealed." *Hart*, 188 Or App at 653. An order denying a motion to correct a judgment did not meet any of those criteria. Here, by contrast, defendant is not appealing an order denying a motion to correct a judgment; instead, he appeals from an amended judgment that imposed sentences for two crimes, and one of the sentences imposed in that amended judgment is a departure sentence based on judicial factfinding.[3] The judgment appealed from falls squarely within the type of judgment described in ORS 138.053(1)(a).

---

[3] The corrected judgment provides, in part:

"This sentence is a durational departure upward, and *the Court* finds substantial and compelling reasons as stated in the record for this departure;

"1. Persistent involvement in similar offense,

"2. On supervision at the time of this offense,

"3. Use of a weapon[.]"

(Emphasis added.)

■ The state next argues that the issue raised is not reviewable, because it is not a claim that the "sentencing court failed to comply with requirements of law in imposing or failing to impose a sentence[.]" ORS 138.222(4)(a). The state offers no support for that proposition, and it is squarely at odds with our prior case law interpreting that provision. In *State v. Arnold*, 214 Or App 201, 164 P3d 334 (2007), we recently reiterated the broad scope of sentencing errors that may be reviewed under ORS 138.222(4)(a). The state's argument requires no extended discussion. Suffice it to say that the assignment of error raised here falls squarely within the ambit of the types of error that we have reviewed regularly under ORS 138.222(4)(a).[4]

■ Next, we address the state's argument that the error was not preserved. Because it is undisputed that defendant raised this specific issue in his motion to correct the judgment pursuant to ORS 138.083, we understand the state to suggest that the issue nonetheless is unpreserved because defendant did not raise it when he originally was sentenced. We disagree. The present situation differs from cases such as *State v. Hammond*, 218 Or App 574, 180 P3d 137 (2008), and *State v. Layton*, 163 Or App 37, 986 P2d 1221 (1999), *rev den*, 330 Or 252 (2000). In those cases, defendants appealed original judgments in criminal cases, arguing that they had preserved the errors by raising the issues in post-trial motions that the respective courts had denied. We rejected the notion of "retroactive preservation" in those instances. *Hammond*, 218 Or App at 584. Here, by contrast, the judgment that defendant appeals from was entered *after* he made his argument in support of his motion to correct the judgment. In such instances, arguments made in the trial court in support of, or against, corrections pursuant to ORS 138.083, are preserved. *See, e.g., State v. Easton*, 204 Or App 1, 126 P3d 1256, *rev den*, 340 Or

---

[4] The state also suggests that we cannot review the assignment of error pursuant to ORS 138.222(4)(a) "because of the discretionary nature of a motion to correct the judgment" under ORS 138.083. We understand the state to mean that, because ORS 138.083 indicates that a court "may" correct a judgment but contains no suggestion that a court must do so, its decision is discretionary and, hence, unreviewable. As explained below, we agree with the state's premise that the court's decision whether to correct a judgment pursuant to ORS 138.083 is discretionary. However, ORS 138.222 contains no provision that suggests that discretionary decisions by a trial court are *per se* unreviewable.

673 (2006) (considering arguments made in the trial court in support of and against correction of judgment); *State v. Lavitsky*, 171 Or App 506, 17 P3d 495 (2000), *rev den*, 332 Or 430 (2001) (same).

Finally, we turn to the merits of the trial court's decision that it lacked jurisdiction under ORS 138.083 to correct the upward departure sentence. As noted, the trial court based that conclusion on the fact that defendant's sentences had been executed, that is, he had been delivered to the custodial authority and had begun serving them. Under the common law, a trial court lacked authority to modify an executed sentence. *See State ex rel O'Leary v. Jacobs*, 295 Or 632, 669 P2d 1128 (1983) (discussing common-law rule). We have held, however, that ORS 138.083 abrogated that common-law rule. *See, e.g.*, *State v. French*, 208 Or App 652, 145 P3d 305 (2006); *Easton*, 204 Or App at 5-6; *State v. Horsley*, 168 Or App 559, 7 P3d 646 (2000). Under ORS 138.083, notwithstanding that a defendant has begun serving his or her sentences and irrespective of any notice of appeal, a trial court may "modify any erroneous term in the judgment."

Under the current state of the law, a departure sentence that is based on judicial findings of fact may constitute an "erroneous term in the judgment" under *Blakely* and *Dilts*. Where that is the case, a trial court would be authorized to "modify" that erroneous term. Accordingly, the trial court in this case did not lack jurisdiction to consider defendant's motion asserting that sentencing error.

We emphasize, however, that, consistently with the discretionary nature of the trial court's error-modification authority under ORS 138.083, the trial court was not required to correct the asserted error. In particular, even assuming that the departure sentence constitutes an erroneous term in the judgment *in this case*, in exercising its discretion whether to correct that error, the trial court properly may take into account such factors and circumstances as the fact that the relief sought by defendant—the trial court's outright deletion of the departure sentence and imposition of a presumptive sentence—is broader than the relief that would be available on remand to a defendant who asserted a meritorious *Blakely* challenge to a sentence on appeal; and the

fact that defendant did not request the latter form of relief—namely, the empaneling of a jury to make the relevant factual findings.[5] *Cf. also Miller v. Lampert*, 340 Or 1, 12-13, 125 P3d 1260 (2006) (the rule that a criminal defendant has a Sixth Amendment right to have a jury find beyond a reasonable doubt the facts supporting an enhanced sentence does not apply retroactively to defendants whose convictions and sentences became final before the rule was announced). In short, although it would not be beyond a trial court's *authority* to grant relief in this case, it also would not necessarily be an abuse of discretion for the trial court to decline to do so.

Because the trial court failed to consider defendant's challenge to his departure sentence on the ground that it lacked jurisdiction to do so, we conclude that the proper disposition is to remand the case to the trial court for further consideration of that issue and for entry of an amended judgment consistent with the trial court's disposition of it.

Judgment vacated; remanded for further proceedings.

---

[5] We express no opinion as to whether such relief would be available in a proceeding under ORS 138.083.