On respondent's petition for reconsideration filed November 5, and appellant's response to petition for reconsideration filed November 10, 2008, reconsideration allowed; former opinion (222 Or App 415, 193 P3d 1055 (2008)) adhered to January 28, petition for review allowed June 4, 2009 (346 Or 257)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ISAAC S. HARDING,
true name Isaac S. Harden,
*Defendant-Appellant.*

Multnomah County Circuit Court
970432879; A133051

202 P3d 181

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, for petition.

Peter Gartlan, Chief Defender, and Robin A. Jones, Senior Deputy Public Defender, Appellate Division, Office of Public Defense Services, for response.

Before Rosenblum, Presiding Judge, and Brewer, Chief Judge, and Richardson, Senior Judge.

BREWER, C. J.

### BREWER, C. J.

The state petitions for reconsideration of our decision in *State v. Harding*, 222 Or App 415, 193 P3d 1055 (2008), arguing that reconsideration is warranted under ORAP 6.25(1)(a) and (e) (concerning a claim of factual error in the decision and a claim that the court erred in construing or applying the law respectively). Because the state identifies no purported factual error in our decision, we understand the state to be suggesting that we erred in applying the law to the facts in this case. In particular, the state argues that we erroneously rejected the trial court's conclusion that it lacked jurisdiction to consider one of defendant's claims for relief under ORS 138.083, that we improperly framed the issue on appeal as whether the judgment contained an erroneous term, and that, when the issue is properly framed as whether the sentence imposed is *per se* an "erroneous term," then it becomes clear that defendant is not entitled to relief.

The state misunderstands the scope of our prior decision; as we explain below, we adhere to our narrow decision that the trial court erred in determining that it lacked jurisdiction to consider defendant's claim of error, and emphasize that our decision was not, as the state seems to believe, that defendant received an "erroneous" sentence or that defendant is entitled to the relief he has sought in this proceeding. Rather, we remanded for the trial court to consider the merits of defendant's claim in the first instance.

We first recount the pertinent parts of our prior decision. Defendant, who was convicted in 1999 of multiple offenses, petitioned the trial court, pursuant to ORS 138.083(1)(a), to correct certain alleged "erroneous terms" in his sentence. That occurred after defendant had unsuccessfully pursued a direct appeal, and after an appellate judgment affirming his convictions had issued. *Id.* at 417. In his ORS 138.083 motion, defendant made two arguments: first, that the judgment had erroneously indicated that he could not be considered for alternative programming, and second, that the judgment had erroneously imposed an upward departure sentence based on judicial factfinding, in violation of the Sixth Amendment to the United States Constitution as interpreted in *Blakely v. Washington*, 542 US 296, 124 S Ct

2531, 159 L Ed 2d 403 (2004). *Harding*, 222 Or App at 417. The trial court concluded that it could, and should, correct the first asserted error, but, as to the second asserted error, the court concluded that it "lack[ed] jurisdiction under ORS 138.083(1) to consider defendant's claim of error." The amended judgment specified, in support of the court's imposition of the upward durational departure sentence, that "the court finds substantial and compelling reasons as stated in the record for this departure; 1. Persistent involvement in similar offenses, 2. On supervision at the time of this offense, 3. Use of a weapon[.]"

Defendant appealed from the amended judgment, arguing that the trial court erred in concluding that it lacked jurisdiction to consider defendant's argument concerning the imposition of the departure sentence. We agreed. We also rejected the state's arguments on appeal that the amended judgment was not appealable, that the issue raised was not reviewable, and that the asserted error was not preserved. *Id.* at 419-21. We rejected the trial court's reasoning that it lacked authority to modify the sentence because it had been "executed," noting that ORS 138.083 provides an exception to the common-law rule that a court lacks authority to modify an "executed" sentence. *Id.* at 421.

Finally, we stated that "a departure sentence that is based on judicial findings of fact may constitute an 'erroneous term in the judgment[.]' " *Id.* (quoting ORS 138.083(1)). We thus concluded that the court did not lack "jurisdiction to consider defendant's motion." *Id.* We went on to emphasize that, "even assuming that the departure sentence constitutes an erroneous term," ORS 138.083 would not require the court to correct such an error, given the discretionary nature of the trial court's error-modification authority under that statute. *Id.*

On reconsideration, most of what the state appears to take issue with is our final conclusion described above—that the trial court had authority to consider defendant's argument. As an initial matter, we note that the vast majority of the state's arguments on reconsideration (1) were not made in its respondent's brief on appeal, and (2) at best, constitute reasons why the trial court should not exercise its

discretion to grant relief under the circumstances of this case. None of the state's arguments is well taken.

In particular, the state contends that ORS 138.083 does not authorize a trial court to correct an erroneous term in a judgment after the judgment becomes final because the Post-Conviction Hearing Act, ORS 138.510 to 138.680, is the exclusive means for challenging the lawfulness of a judgment in a criminal case. The state argues that the Post-Conviction Hearing Act, as well as the common-law cases discussed in our previous opinion concerning a trial courts' authority to modify an "executed" sentence, establish implicit limitations on a court's authority to correct erroneous terms in judgments pursuant to ORS 138.083. In particular, the state suggests that, in order to give effect to the Post-Conviction Hearing Act and the prior common-law cases, ORS 138.083 should be read to contain a time limitation: It should be read to permit a court to correct erroneous terms in a judgment only while a direct appeal is pending. The state further suggests that the legislative history of the current version of ORS 138.083 supports the notion that the legislature intended to preserve the common-law limitations on modification of "executed sentences." The state's arguments are problematic because they are at odds with the plain meaning of the text of ORS 138.083. ORS 138.083(1) contains no time limitation on when a court may exercise its authority to correct an erroneous term in a judgment. Moreover, as the state acknowledges, a prior version of that statute *did* contain a time limitation of when a court could exercise its authority, and that time limitation was removed from the current version of the statute. *Compare* Or Laws 1919, ch 790, § 20, *with* Or Laws 1995, ch 109, § 1. *See State v. Webb*, 324 Or 380, 390, 927 P2d 79 (1996) ("Prior enacted legislative changes are part of a statute's context."). Finally, even if we were to consider the legislative history of the statute despite the fact that the statute is unambiguous, the legislative history on which the state relies does not come close to establishing that the legislature intended ORS 138.083 to be construed in the manner that the state now suggests.

■ In sum, we adhere to our original conclusion that the court had jurisdiction to consider defendant's argument that

the departure sentence based on judicial factfinding was an "erroneous term" within the meaning of ORS 138.083.

■ We turn, finally, to what we understand to be the state's core concern on reconsideration. The state posits:

> "[T]here are many defendants who currently are serving upward-departure sentences imposed over the past 20 years and who have long since defaulted on their direct-appeal and post-conviction remedies. This court's opinion appears to entitle each of them to file a motion pursuant to ORS 138.083(1)(a) to 'correct' their sentences and then requires the trial courts to hold a hearing to resolve those claims on the merits."

The state goes on to assert that our opinion "could open the floodgates" to hundreds, nay thousands, of potential litigants. We understand the state's concerns. In fact, we recognized as much in our prior opinion, when we emphasized the numerous reasons why a trial court, in its discretion, might well choose *not* to grant a defendant's motion to correct the type of "erroneous term" asserted in the present case. *See Harding*, 222 Or App at 421-22 (so noting). Our decision concerned *jurisdiction*, nothing more. As to the state's bald assertion that our decision "requires the trial courts to hold a hearing to resolve those claims on the merits," we find nothing in our prior decision or in the text of ORS 138.083 that would require trial courts to hold hearings in order to *deny* motions filed pursuant to that statute. As we emphasized repeatedly in our prior decision, a trial court's ability to correct asserted errors under ORS 138.083 is highly discretionary; moreover, a trial court's decision *not* to enter a corrected judgment pursuant to ORS 138.083 is not an appealable order. *Id.* at 419 (citing *State v. Hart*, 188 Or App 650, 72 P3d 671, *rev den*, 336 Or 126 (2003)).

Reconsideration allowed; former opinion adhered to.