Argued and submitted November 3, petition for review dismissed; decision of Court of Appeals vacated, and judgment of circuit court affirmed December 17, 2009

## STATE OF OREGON,
*Petitioner on Review,*

*v.*

## ISAAC S. HARDING,
true name Isaac S. Harden,
*Respondent on Review.*

(CC 970432879; CA A133051; SC S057103)

223 P3d 1029

Timothy A. Sylwester, Attorney-in-Charge, Capital Cases, Salem, argued the cause for petitioner on review. With him on the petition were Erika L. Hadlock, Acting Solicitor General, and John R. Kroger, Attorney General. With him on the brief were Jerome Lidz, Solicitor General, and John R. Kroger, Attorney General.

Robin A. Jones, Senior Deputy Public Defender, Office of Public Defense Services, Salem, argued the cause for respondent on review. With her on the brief was Peter Gartlan, Chief Defender.

DE MUNIZ, C. J.

## DE MUNIZ, C. J.

■ The state seeks review of a Court of Appeals decision vacating and remanding a trial court judgment that denied defendant's motion to modify his judgment of conviction and sentence by deleting a provision of the judgment imposing an upward departure sentence. However, our review of the record reveals that defendant's notice of appeal was not filed timely. Therefore, this court lacks jurisdiction over the appeal. We issue this opinion in order to note an inconsistency between the Oregon Rules of Appellate Procedure (ORAP) and the Oregon Revised Statutes, and to clarify which one governs this case.

ORS 138.071(4) provides:

> "If the trial court enters a corrected or a supplemental judgment under ORS 138.083, a notice of appeal from the corrected or supplemental judgment must be filed not later than 30 days after the defendant receives notice that the judgment has been entered."

Here, the corrected judgment was entered on June 28, 2006. Defendant's notice of appeal was received and deemed filed on August 2, 2006, or 35 days later. However, a notice of appeal may be deemed timely if it falls within certain statutory exceptions. For example, ORS 138.071(5)(a) provides that the Court of Appeals shall grant a defendant leave to file a late notice of appeal if the defendant makes a motion within 90 days and:

> "(A)  The defendant, by clear and convincing evidence, shows that the failure to file a timely notice of appeal is not attributable to the defendant personally; and

> "(B)  The defendant shows a colorable claim of error in the proceeding from which the appeal is taken."

Here, defendant did not file such a motion in the Court of Appeals and does not assert in this court that his failure to file his notice of appeal not later than 30 days after notice that the judgment was entered is not attributable to him personally.

Another statutory exception to the deadline set out at ORS 138.071(4) allows a notice of appeal to be filed by

mail, with the date of the mailing qualifying as the date of filing, by following certain procedures. ORS 19.260(1)[1] provides:

> "Filing a notice of appeal in the Court of Appeals or the Supreme Court may be accomplished by mail. The date of filing such notice shall be the date of mailing, *provided it is mailed by registered or certified mail and the party filing the notice has proof from the post office of such mailing date.* Proof of mailing shall be certified by the party filing the notice and filed thereafter with the court to which the appeal is taken. If the notice is received by the court on or before the date by which such notice is required to be filed, the party filing the notice is not required to file proof of mailing."

(Emphasis added.) ORAP 1.35(1)(c) is in accord with ORS 19.260(1) and provides:

> "A person filing a notice of appeal, petition for judicial review or petition under the original jurisdiction of the Supreme Court may file by mail and the filing shall be complete on deposit in the mail *if mailed in accordance with ORS 19.260(1).* If the person relies on the date of mailing as the date of filing under ORS 19.260(1), the person shall certify the date of mailing and shall file the certificate, together with acceptable proof from the post office of the date of mailing, with the Administrator with proof of service on the parties to the appeal, judicial review or original proceeding. Acceptable proof from the post office of the date of mailing shall be a receipt for certified or registered mail, with the certified or registered mail number on the envelope or on the item being mailed, with the date of mailing either stamped by the United States Postal Service on the receipt or shown by a United States Postal Service postage validated imprint on the envelope received by the Administrator."

(Emphasis added.) Thus, if defendant intended to rely on the date of mailing as the date of filing his notice of appeal, he was required to mail the notice by *registered or certified mail.* Here, however, defendant mailed his notice of appeal by ordinary first class mail. Neither ORS 19.260(1) nor ORAP

---

[1] ORS 19.260 applies to criminal appeals pursuant to ORS 138.185(2) ("The provisions of * * * 19.260 * * * shall apply to appeals to the Court of Appeals.").

1.35(1)(c) permits the court to treat the date of mailing as the date on which defendant filed his notice of appeal.

Finally, in the case of incarcerated persons, ORAP 1.35(4) provides that

> "[w]ith respect to a person confined in an institution of confinement who files and serves a thing in the appellate court, the thing shall be deemed filed in the appellate court and served on another person when the original of the thing and the appropriate number of copies are delivered, in a form suitable for mailing, to the person or place designated by the institution for handling outgoing mail."

When defendant filed his notice of appeal, he was incarcerated at the Oregon State Correctional Institution (OSCI). Assuming that defendant delivered his notice of appeal to the person or place designated by OSCI for handling outgoing mail before July 28, 2006—that is, the thirtieth day after the judgment at issue in this case was entered—ORAP 1.35(4) would seemingly make the notice of appeal timely.

However, as set out above, ORS 19.260(1) requires that, to take advantage of that statute, the appealing party must mail the notice of appeal by registered or certified mail and also must provide proof from the post office of the mailing date, certify the proof of mailing, and file it with the court. Defendant did not comply with those requirements. The question becomes: Does the rule govern, or does the statute?

■　The answer is straightforward. The Rules of Appellate Procedure were themselves created on the basis of a statutory authorization. *See* ORS 1.002(1) (providing in part that "[t]he Chief Justice shall exercise administrative authority and supervision over the courts of this state *consistent with applicable provisions of law* and the Oregon Rules of Civil Procedure") (emphasis added); ORS 2.120 ("The Supreme Court shall have power to make and enforce all rules necessary for the prompt and orderly dispatch of the business of the court, and the remanding of causes to the court below."). Because the rules are dependent on statutory authority, they necessarily are subordinate to that authority. It follows that, where there is an inconsistency between a statute and a rule (as there is between ORS 19.260(1) and ORAP 1.35(4)), the

statute must govern. Defendant therefore may not rely on ORAP 1.35(4) to establish that his appeal was timely.

Because defendant's notice of appeal was not timely filed, neither the Court of Appeals nor this court has jurisdiction over the trial court judgment challenged by defendant in this case. We therefore dismiss the state's petition for review in this court and vacate the decision of the Court of Appeals.

The petition for review is dismissed. The decision of the Court of Appeals is vacated, and the judgment of the circuit court is affirmed.