Submitted February 28, 2012, affirmed March 27, petition for review denied July 25, 2013 (353 Or 868)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JEFFREY CARL ENGERSETH,
*Defendant-Appellant.*

Josephine County Circuit Court
09CR0465; A144351

299 P3d 567

Peter Gartlan, Chief Defender, and Jedediah Peterson, Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant. Jeffrey C. Engerseth filed the supplemental brief *pro se*.

John R. Kroger, Attorney General, Mary H. Williams, Solicitor General, and Doug M. Petrina, Senior Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Sercombe, Judge, and Edmonds, Senior Judge.

SERCOMBE, J.

## SERCOMBE, J.

Following a jury trial, defendant was convicted of unlawful use of a weapon, ORS 166.220, tampering with a witness, ORS 162.285, and menacing, ORS 163.190. The trial court entered a judgment that, among other things, imposed an upward departure sentence of 60 months' imprisonment for the unlawful use of a weapon conviction. The court based the departure on defendant's stipulation to the fact that he was "on supervision" when he committed the crime. After filing a notice of appeal, defendant moved to correct errors in the judgment pursuant to ORS 138.083(1)(a).[1] He argued, in part, that the judgment erroneously imposed the upward departure sentence in violation of ORS 136.773(1).[2] Specifically, defendant argued that the court had erred in accepting defendant's stipulation to the enhancement fact without also first obtaining a written jury trial waiver. Defendant requested that the court delete the purportedly erroneous 60-month departure sentence and instead impose "a sentence * * * that is not aggravated by an enhancement factor." The court entered an amended judgment that corrected other errors but left defendant's departure sentence intact.

Defendant appeals the amended judgment, raising seven assignments of error. We write only to address defendant's contention that the trial court erred under ORS 136.773(1) when it imposed an upward departure sentence

---

[1] ORS 138.083(1)(a) provides:

"The sentencing court shall retain authority irrespective of any notice of appeal after entry of judgment of conviction to modify its judgment and sentence to correct any arithmetic or clerical errors or to delete or modify any erroneous term in the judgment. The court may correct the judgment either on the motion of one of the parties or on the court's own motion after written notice to all the parties."

[2] ORS 136.773(1) provides:

"When an enhancement fact relates to the defendant, the court shall submit the enhancement fact to the jury during the sentencing phase of the criminal proceeding if the defendant is found guilty of an offense to which the enhancement fact applies unless the defendant *makes a written waiver of the right to a jury trial on the enhancement fact* and:

"(a) Admits to the enhancement fact; or

"(b) Elects to have the enhancement fact tried to the court."

(Emphasis added.)

for the unlawful use of a weapon conviction.[3] He argues that the departure sentence is unlawful because, although he stipulated to the enhancement fact, the court did not obtain his "written waiver of the right to a jury trial on the enhancement fact," in violation of ORS 136.773(1).

Defendant acknowledges that he did not object to the use of the enhancement fact at sentencing or otherwise notify the court that he had not signed a jury trial waiver; however, he contends that his argument is nevertheless preserved by virtue of the fact that the trial court entered an amended judgment after defendant moved to correct the original judgment under ORS 138.083(1)(a). The state responds that defendant's motion to correct the judgment under ORS 138.083(1)(a) preserved only the limited issue of whether the court abused its discretion in refusing to correct the judgment, not the issue of whether the sentence is erroneous. We agree with the state that defendant failed to preserve the argument that he makes on appeal. Filing a post-judgment motion does not retroactively preserve predicate sentencing error. *See State v. Layton,* 163 Or App 37, 41, 986 P2d 1221 (1999), *rev den,* 330 Or 252 (2000) ("We do not understand how raising the issue after trial [pursuant to ORS 138.083(1)(a)] somehow 'cured' defendant's failure to raise it at the proper stage of the proceedings, that is, at the sentencing hearing."); *see also State v. Hammond,* 218 Or App 574, 584, 180 P3d 137 (2008) ("No Oregon appellate decision has ever held that unpreserved prejudgment error can somehow be transmuted into preserved error by virtue of the filing and denial of a post-judgment motion.").[4]

---

[3] We reject defendant's remaining contentions, including those set forth in his *pro se* supplemental brief, without discussion.

[4] Defendant argues that, under *State v. Harding,* 222 Or App 415, 193 P3d 1055 (2008), *adh'd to on recons,* 225 Or App 386, 202 P3d 181, *vac'd on other grounds,* 347 Or 368, 223 P3d 1029 (2009), "[t]hat rule [in *Layton* and *Hammond*] does not apply when the error occurs at a post-judgment sentencing hearing that results in an amended judgment." However, our reasoning in *Harding* does not support the proposition that filing a post-judgment motion is sufficient to preserve *predicate sentencing error* where the court enters an amended judgment following the motion. *Harding* rejects "the notion of retroactive preservation in those instances." *Id.* at 420 (internal quotation marks omitted). Rather, *Harding* stands only for the proposition that "arguments made in the trial court in support of, or against, corrections [to the judgment] pursuant to ORS 138.083[(1)(a)], are preserved." *Id.* Put another way, arguments made to the trial court in support of corrections to the judgment under ORS 138.083(1)(a) preserve only the limited issue of whether

Alternatively, defendant argues that the court's imposition of the departure sentence without a written jury trial waiver constitutes plain error and urges us to exercise our discretion to correct it. *See* ORAP 5.45 ("[T]he appellate court may consider an error of law apparent on the record."); *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991) (discussing the exercise of discretion to correct plain error). In response, the state concedes that the "court did not submit the 'on supervision' departure ground to the jury and instead accepted defendant's admission to the ground (that is, his stipulation). But the court failed to obtain a written jury waiver. By neglecting to do so, the court violated ORS 136.773." The state, however, argues that we should not exercise our discretion to correct the error.[5]

We ultimately need not decide whether the trial court plainly erred under ORS 136.773(1). Assuming that the error were plain, we would not exercise our discretion to correct it. In deciding whether to exercise that discretion, we may take into consideration several factors, including

"the competing interests of the parties; the nature of the case; the gravity of the error; the ends of justice in the particular case; how the error came to the court's attention; and * * * whether the trial court was, in some manner, presented with both sides of the issue and given an opportunity to correct any error."

the court abused its discretion in not accordingly correcting the judgment under that statute.

Thus, as we understand our reasoning in *Harding*, in a motion to correct a judgment pursuant to ORS 138.083(1)(a), a party may raise issues concerning an erroneous term in the judgment, including issues that could have been raised about that error but were not raised before entry of the original judgment. The court, however, has discretion to determine whether to correct the judgment based on those arguments, and, on appeal, we review the trial court's decision for an abuse of discretion. Here, defendant preserved the issue of whether the trial court abused its discretion in not correcting the judgment under ORS 138.083(1)(a). However, to whatever extent that defendant makes that argument on appeal, it is insufficiently developed, and we reject it without further discussion.

[5] The state also argues, somewhat inconsistently, that the error is not "plain" because, as in *State v. Gornick*, 340 Or 160, 130 P3d 780 (2006), the record is subject to multiple, competing inferences as to whether the court erred. *See State v. Brown*, 310 Or 347, 355, 800 P2d 259 (1990) (plain error must appear "on the face of the record" so that the reviewing court "need not * * * choose between competing inferences to find [the asserted error]" (internal quotation marks omitted)).

*Ailes*, 312 Or at 382 n 6. Here, because he stipulated to the enhancement fact, defendant was not prejudiced by any error. On this record, no reasonable factfinder could conclude anything other than that defendant was "on supervision" when he committed the relevant crime. *See State v. Porter*, 202 Or App 622, 627, 123 P3d 325 (2005) (a stipulation "is a statement by which one party waives the right to require the other party to prove a particular fact"). Under those circumstances, any error is not grave, the state has a "significant interest in avoiding a second, unnecessary sentencing hearing," and remanding to the trial court would not advance the ends of justice. *State v. Ramirez*, 343 Or 505, 513, 173 P3d 817 (2007), *adh'd to as modified on recons*, 344 Or 195, 179 P3d 673 (2008) (court should not exercise discretion to correct harmless sentencing error).[6]

Affirmed.

---

[6] Defendant contends that, under *State v. Barber*, 343 Or 525, 173 P3d 827 (2007), we are required to correct the alleged error. We do not read *Barber* to require that result under ORS 136.773(1), and we reject defendant's argument to the contrary without further discussion.