Argued and submitted April 12, 2013, affirmed April 2, petition for review denied August 7, 2014 (355 Or 880)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MARCUS ANGELO LEWALLEN,
*Defendant-Appellant.*

Lane County Circuit Court
200121093; A150275

324 P3d 530

Jesse Wm. Barton argued the cause and filed the brief for appellant.

Doug M. Petrina, Senior Assistant Attorney General, argued the cause for respondent. With him on the brief were Ellen F. Rosenblum, Attorney General, and Anna M. Joyce, Solicitor General.

Before Ortega, Presiding Judge, and Haselton, Chief Judge, and Sercombe, Judge.

SERCOMBE, J.

**SERCOMBE, J.**

Defendant appeals a corrected judgment entered by the trial court pursuant to ORS 138.083. He contends that the court erred in denying part of the relief requested in his motion to modify the judgment. We conclude that the trial court did not abuse its discretion in denying the relief in question and, therefore, affirm.

In 2002, following a jury trial, the trial court entered a judgment convicting defendant of one count of first-degree assault and two counts of first-degree robbery. On the assault conviction, the trial court imposed an upward departure sentence of 180 months and, with respect to the robbery convictions, the court imposed sentences of 90 months under ORS 137.700.[1] This court affirmed the judgment without opinion. *State v. Lewallen*, 189 Or App 492, 76 P3d 690 (2003).

In 2010, defendant filed a motion to modify the judgment pursuant to ORS 137.754 and ORS 138.083.[2] Defendant requested that the court (1) modify the judgment to expressly state that he was eligible for sentence-modification programs, (2) merge the two robbery convictions into a single conviction, and (3) modify the departure sentence for the assault—which was based on findings made by the court—by either imposing the presumptive sentence or empanelling a sentencing jury if the state "s[ought] reinstatement of the aggravated departure" sentence. *See generally Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004) (trial court's imposition of an upward departure sentence on the basis of findings by the sentencing court violated the defendant's right to trial by jury). The

_____

[1] Under ORS 137.700, the crimes of first-degree assault and first-degree robbery are each subject to a mandatory minimum sentence of 90 months. In this case, the court imposed the 90-month robbery sentences concurrent to each other and consecutive to the 180-month assault sentence.

[2] Under ORS 138.083(1)(a),

"[t]he sentencing court retains authority irrespective of any notice of appeal after entry of judgment of conviction to modify its judgment and sentence to correct any arithmetic or clerical errors or to delete or modify any erroneous term in the judgment. The court may correct the judgment either on the motion of one of the parties or on the court's own motion after written notice to all the parties."

state did not oppose amending the judgment to state that defendant was eligible for sentence-modification programs and to merge the robbery convictions. However, it contended that defendant's request regarding the departure sentence should be denied.

The court held a hearing on the motion in February 2011. At the end of the hearing, the court stated that, "because the State is not objecting," it would grant two of defendant's requests: the judgment would "be modified to reflect unambiguously that [defendant was] eligible for sentence modifications programs" and, as to the robbery convictions, the court stated that it would "modify the judgment to merge those two, so [defendant did not] end up with two separate convictions." As to defendant's assertion regarding the departure sentence, the court expressed that it was "pretty skeptical." However, it took the matter under advisement to "spend a little more time with [it after having] heard the arguments of the attorneys." The court later issued an order granting the motion as stated at the hearing, but denying the motion to "vacate the imposition of a departure sentence based on aggravating factors" on the assault charge. Accordingly, the court entered a modified judgment that merged the robbery convictions and stated that "defendant is eligible for sentence modification programs, pursuant to ORS 137.754 after the service of 90 months." (Emphasis and boldface omitted.) However, the judgment retained the provision from the earlier judgment that, based on findings made by the court, defendant would serve a departure sentence of 180 months on the assault conviction.

Defendant appeals from that judgment. On appeal, he asserts that the trial court erred in denying "that part of his motion to modify that sought correction of the aggravated-departure sentence on [the assault charge], which the court based on non-juried factors." The state first responds that this "court lacks authority to review defendant's claim" of error. (Boldface omitted.) In particular, the state contends that the only potential basis for review in this case is ORS 138.222(4)(a), which provides that the appellate court may review a claim that "[t]he sentencing court failed to comply with the requirements of law in imposing or failing to impose a sentence." According to the state, however,

that provision does not authorize review, because denial of a motion pursuant to ORS 138.083 "cannot be characterized as a failure to comply with the requirements of law in imposing or failing to impose a sentence, because this is not a sentencing and a trial court is not required to do anything." (Emphasis omitted.) However, we concluded otherwise in *State v. Harding*, 222 Or App 415, 420, 193 P3d 1055 (2008), *adh'd to on recons*, 225 Or App 386, 202 P3d 181, *vac'd on other grounds*, 347 Or 368, 223 P3d 1029 (2009). In that case, as here, the defendant, pursuant to ORS 138.083, had moved for a corrected judgment. He asserted that

> "(1) [t]he judgment erroneously failed to include language indicating that defendant could be considered for alternative programs pursuant to ORS 137.750 during a portion of one of his sentences, and (2) the judgment erroneously imposed an upward departure sentence * * * on the basis of findings made by the court * * *."

*Id.* at 417. The trial court granted relief on the first basis only, and the defendant appealed. On appeal, he asserted that the "trial court erred in failing to correct the erroneous departure sentence," *id.* at 418, and the state responded, in part, that the assignment of error was "not reviewable, because it is not a claim that the 'sentencing court failed to comply with requirements of law in imposing or failing to impose a sentence,'" *id.* at 420 (quoting ORS 138.222(4)(a)). We noted that the state's contention was "squarely at odds with our prior case law interpreting" ORS 138.222(4)(a) and observed that we had "recently reiterated the broad scope of sentencing errors that may be reviewed under ORS 138.222(4)(a)." *Id.* (citing *State v. Arnold*, 214 Or App 201, 164 P3d 334 (2007)). In short, we concluded in *Harding* that the defendant's argument that the trial court erred in failing to correct an erroneous departure sentence pursuant to ORS 138.083 was reviewable on appeal: It "falls squarely within the ambit of the types of error that we have reviewed regularly under ORS 138.222(4)(a)." *Id.* Based on our reasoning in *Harding*, we reject the state's assertion that defendant's assignment of error in this case is not reviewable pursuant to ORS 138.222.

On the merits, defendant contends that the trial court erred in failing to grant his motion to modify the

judgment with respect to the "unconstitutional, non-juried aggravated departure." In his view, the court had no discretion with respect to the relief requested, but was "required to take corrective action." The state responds that ORS 138.083 "grants discretionary authority to the trial court," but imposes no requirement that a trial court grant a motion pursuant to the statute: "ORS 138.083 provides that a trial court 'may' correct the error. The statute makes *all* of these decisions discretionary, not mandatory * * *." (Emphasis in original.) The state is correct.

First, as the state points out, under ORS 138.083(1)(a), the court "may correct the judgment" to modify an erroneous term. In other words, the statute's text gives the trial court discretion. As we explained in *State v. Engerseth*, 255 Or App 765, 768 n 4, 299 P3d 567, *rev den*, 353 Or 868 (2013),

> "in a motion to correct a judgment pursuant to ORS 138.083(1)(a), a party may raise issues concerning an erroneous term in the judgment, including issues that could have been raised about that error but were not raised before entry of the original judgment. *The court, however, has discretion to determine whether to correct the judgment based on those arguments, and, on appeal, we review the trial court's decision for an abuse of discretion.*"

(Emphasis added.) *See also Harding*, 222 Or App at 421 (given the "discretionary nature of the trial court's error-modification authority under ORS 138.083, the trial court was not required to correct the asserted error" in imposing an upward departure sentence on the basis of findings by the trial court).[3] Accordingly, contrary to defendant's

---

[3] We note that defendant asserts that

"the rationale for the *Harding* court's conclusion that the trial court had discretion to but was not required to correct the asserted * * * error, was that * * * Harding sought outright deletion of the departure sentence and imposition of a presumptive sentence—a remedy that would be broader than the relief that would be available on remand to a defendant who asserted a meritorious *Blakely* challenge to a sentence on appeal."

(Internal quotation marks and citation omitted.) He asserts that the court had no discretion here, because he did not take the same approach but, instead, agreed to the empanelment of a sentencing jury "if, in lieu of accepting imposition of a presumptive sentence—the only legally valid sentence in the absence of juried aggravating factors—the state sought reinstatement of the departure sentence * * *." (Internal quotation marks omitted.) Defendant is incorrect. In *Harding*, we explained that, "assuming that the departure sentence constitutes an erroneous

contention, the trial court was not required to correct the judgment; rather, it had discretion to determine whether or not to correct the judgment, and we review its decision for abuse of discretion.

Defendant asserts, nevertheless, that the court abused its discretion in this case. In particular, he asserts that, because its order does not reflect the basis for the court's denial of his request, we should conclude that the court abused its discretion. The state points out that the court had "discretion to deny a motion to correct an alleged *Blakely* error without holding a hearing" and asserts that the court "certainly acts within its discretion if—as here—it denies the motion after holding a hearing, listening to arguments from both sides, engaging the parties on the issue, and then delaying its decision to consider the matter further." In determining whether the trial court abused its discretion, "we will reverse only if a trial court's discretionary determination is not a legally permissible one." *Sjomeling v. Lasser*, 251 Or App 172, 187, 285 P3d 1116, *rev den*, 353 Or 103 (2012); *see also State v. Rogers*, 330 Or 282, 312, 4 P3d 1261 (2000) (abuse of discretion means that the court's action or decision was not "within the range of legally correct discretionary choices" and did not result in a "permissible, legally correct outcome"); *State v. G. N.*, 230 Or App 249, 255, 215 P3d 902 (2009) (one test for evaluating whether a court has abused its discretion is whether the decision was clearly against reason and evidence). Applying that standard here, we agree with the state that, even assuming that the departure sentence in this case was an erroneous term in the judgment and that ORS 138.083(1)(a) authorizes the relief sought by defendant, the trial court did not abuse its discretion in denying defendant's request to modify the departure sentence in this case. *See Harding*, 222 Or App at 422 n 5 (expressing "no opinion as to whether such relief"

---

term in the judgment in this case, *in exercising its discretion whether to correct that error, the trial court properly may take into account* such factors and circumstances as the fact that the relief sought by defendant" was broader than the relief that would have been available on a successful direct appeal from the sentence. 222 Or App at 421 (other italics omitted; emphasis added). In other words, the consideration that defendant in this case points to—the relief sought in the motion to modify—was merely a circumstance that the trial court was entitled to consider in determining whether to exercise its discretion.

of empanelling a jury to make the relevant factual findings "would be available in a proceeding under ORS 138.083").

As the state points out, in the reconsideration opinion in *Harding*, we observed that nothing "in our prior decision or in the text of ORS 138.083 * * * would require trial courts to hold hearings in order to deny motions filed pursuant to that statute." 225 Or App at 391 (emphasis omitted). Furthermore, in response to the state's concern that "our opinion 'could open the floodgates' to hundreds, nay thousands, of potential litigants," we emphasized that a "trial court's ability to correct asserted errors under ORS 138.083 is highly discretionary" and that there are "numerous reasons why a trial court, in its discretion, might well choose *not* to grant a defendant's motion to correct the type of 'erroneous term' asserted." *Id.* (emphasis in original).

Here, the trial court held a hearing on defendant's motion and, in response to defendant's contentions at the hearing, expressed concern about finality and opening the "floodgates." The court stated that it was "shaking my head at the idea that all of these defendants are going to come back and get jury trials anew." It also noted that defendant's case had been serious and that the court had made a good record for the reasons for departing. Furthermore, the court observed that it was

> "trying to think about all of these trials that would be commenced almost a decade later for purposes of convening a jury to hear as much testimony as might be available to redetermine this one issue. And the fact is, you know, when is that going to play out to its logical conclusions? What if he had gotten a 40-year sentence? * * * I mean, you're just going to be making the same argument no matter what."

After hearing both parties' arguments, the court stated that it was "pretty skeptical" with respect to defendant's motion to modify the departure sentence. However, it took that matter under advisement to "spend a little more time with this now that I've heard the arguments of the attorneys." All of those considerations were appropriate for the court to take into account in determining whether to exercise its discretion to grant the requested relief.

In view of the highly discretionary nature of the court's error modification authority pursuant to ORS 138.083, we cannot say that the court abused its discretion in denying relief. The court held a hearing, listened to argument from both sides, engaged the parties on the issue in question, and expressed appropriate concerns about finality, the age of the case, the difficulty in empanelling a new jury, and the strength of the record on the departure findings. Under the circumstances here, the court's ultimate decision to deny the relief in question was legally permissible; that is, it was within the range of legally correct discretionary choices. Accordingly, the trial court did not err.

Affirmed.