LAGESEN, P.J.
*455 In this criminal case, defendant appeals an amended judgment entered after the trial court granted, in part, his motion under former ORS 138.083 (2013)[1] to correct the judgment. In the motion, defendant contended that his judgment of conviction contained, among other things, merger errors, an error involving the so-called "200-percent rule," OAR 213-012-0020(2)(b),[2] and errors in the terms of post-prison supervision (PPS) imposed, and he requested that the court hold a hearing on the motion and correct those errors. Without holding the requested hearing, the court denied the motion with respect to asserted merger and 200-percent-rule errors, but granted it with respect to asserted PPS errors. Thereafter, it entered an amended judgment reflecting the changes to the PPS terms that the court determined were warranted. Because we conclude that the court's ruling was, in part, based on a mistake of law, we vacate and remand for reconsideration.
Although the state contests the point, we have jurisdiction over this appeal pursuant to former ORS 138.053 (1)(a) (2013), repealed by Or. Laws 2017, ch. 529, § 26. State v. Larrance , 270 Or.App. 431, 438-39, 347 P.3d 830 (2015) (amended judgment entered pursuant to ruling on ORS 138.083 motion is appealable); State v. Harding , 222 Or.App. 415, 420, 193 P.3d 1055 (2008) ( Harding I ), adh'd to on recons. , 225 Or.App. 386, 202 P.3d 181 ( Harding II ), vac'd on other grounds , 347 Or. 368, 223 P.3d 1029 (2009).[3] Our review is for abuse of discretion. Larrance , 270 Or.App. at 438, 347 P.3d 830 ; State v. Lewallen , 262 Or.App. 51, 56, 324 P.3d 530, rev. den. , 355 Or. 880, 333 P.3d 334 (2014). Although that standard is a deferential one, *456 as we explained in Larrance , a discretionary decision that is founded on a misapprehension of the law qualifies as an abuse of discretion under the standard. Larrance , 270 Or.App. at 440, 347 P.3d 830 ("Here, because the trial court intended to give a lawful sentence, but misapprehended the law and ultimately decided the matter in reliance on that erroneous view of the law, the court abused its discretion.").
The relevant facts are procedural and not disputed. In 1995, a jury convicted defendant of six counts of first-degree rape (Counts 1 to 6), ORS 163.375 ; one count of first-degree kidnapping (Count 7), ORS 163.235 ; one count of first-degree sodomy (Count 8), ORS 163.405 ; and two counts of first-degree sexual abuse (Counts 9 and 12), ORS 163.427. All counts involved the same victim. In the original judgment of conviction, the trial court designated Count 1 as the primary offense and imposed a 130-month term of incarceration *766 on that count. On each of Counts 2 to 6, the court imposed consecutive 22-month terms of incarceration. On Count 7, the court upwardly departed and imposed a consecutive 60-month term of incarceration. On the remaining counts, the trial court imposed concurrent terms of incarceration. On Counts 1 to 6, the court specified an indeterminate term of PPS: "240 months, less actual time served." With respect to each count, the judgment stated, "Defendant is subject to ORS 137.635 ('Denny Smith law')." Defendant appealed, and, on appeal, we ruled that the court erred when it determined that defendant was subject to ORS 137.635 but otherwise affirmed the judgment. State v. Redmond , 155 Or.App. 297, 298, 963 P.2d 743, rev. den. , 327 Or. 558 (1998). On remand, the trial court amended the original judgment to eliminate the references to ORS 137.635, but did not otherwise alter its previously imposed sentence.
In 2014, defendant moved under former ORS 138.083 to correct what, in his view, were errors in the operative judgment of conviction. Pertinent to this appeal, defendant asserted that the judgment (1) erroneously failed to merge the guilty verdicts on Counts 1 to 6; (2) erroneously failed to merge the guilty verdicts on Counts 9 and 12; (3) violated the 200-percent rule; and (4) erroneously imposed indeterminate PPS terms on Counts 1 to 6, contrary to the holding *457 in State v. Mitchell , 236 Or.App. 248, 235 P.3d 725 (2010). Defendant requested a hearing on the motion.
The trial court declined defendant's request to hold a hearing, but granted the motion in part and denied it in part. Regarding defendant's request that it correct the asserted merger errors, the court observed that "[t]here is a public interest in the finality of judgments and the efficient administration of justice." The court noted that defendant had the opportunity to raise his arguments regarding merger at the time of trial and sentencing and that the state's sentencing memorandum indicated that the issue of whether the verdicts should merge was before the court at the time. It noted further that, although "case law in recent years indicates a trend toward merger, the sentencing court's decision was within the range of legally correct choices." Based on those considerations, the court declined to exercise its discretion to grant defendant's motion with respect to the asserted merger errors.
Regarding defendant's claim that his sentence turned on a misapplication of the 200-percent rule, the court concluded that, "[u]nder the 200-percent rule, [defendant] could receive a sentence of up to twice the maximum presumptive incarceration term. That amount is 380 months for Counts 1 and 2 alone." Therefore, the court reasoned, defendant's 300-month sentence on Counts 1 to 7 did not violate the 200-percent rule, because it was shorter than the 380-month total that the court concluded could have been imposed on the first two counts.
The trial court, however, agreed with defendant's assertion that his PPS terms on Counts 1 to 6 were unlawfully indeterminate. It also concluded that that error should be corrected. To that end, the court ruled that the judgment should be amended to impose a 110-month term of PPS on Count 1 and a 218-month term of PPS on each of Counts 2 to 6 and entered an amended judgment conforming to that ruling. Defendant appeals.
On appeal, defendant contends the trial court's denial of his motion with respect to the claimed merger and 200-percent-rule errors constitutes an abuse of discretion. In *458 defendant's view, the court's order indicates that its denial was predicated on mistakes of law and fact. As to the court's correction of the PPS terms on Counts 1 to 6, defendant contends that, although the court was correct to eliminate the indeterminate terms of PPS, the court had no authority to impose any PPS term on Counts 2 to 6 and, consequently, erred when it did so. Defendant also argues that the trial court erred when it did not hold a hearing on his motion.
The state has responded with an arsenal of arguments, contending that defendant's claims of error are unreviewable for various reasons, that the trial court lacked authority under former ORS 138.083 to grant defendant his requested relief and that we should affirm for that reason, and that the trial court did not abuse its discretion in denying *767 defendant's motion to correct the asserted merger and 200-percent-rule errors. With respect to the trial court's correction of the judgment to impose determinate PPS terms, the state argues that the court erred in making the correction in the first place because those counts were subject to ORS 144.103, which, in the state's view, authorized the indeterminate PPS terms that the trial court originally imposed. Notwithstanding that fact, the state urges us to affirm the judgment and reject defendant's argument that no PPS terms should have been imposed on Counts 2 to 6 as both unpreserved and erroneous.
We address the issues raised by the parties' arguments in turn.
We start with whether the trial court erred when it declined to hold a hearing on defendant's motion. As it turns out, that question is mooted by virtue of our determination that a remand and hearing is required in view of the parties' other arguments on appeal. We therefore do not address it further.
The next questions pertain to defendant's challenges to the trial court's denial of his motion with respect to the alleged merger and 200-percent-rule errors: Is the trial court's decision reviewable to the extent the court declined to modify the judgment? And did the trial court have authority to grant those requests in the first place? The state contends *459 that the claimed errors are not reviewable and that, even if they are, the trial court's discretionary denial of defendant's requested modification must be affirmed on the alternative ground that the court lacked the authority to make the requested changes.
As to reviewability, the state contends that, on appeal of a judgment amended pursuant to former ORS 138.083, this court may only review modifications to the judgment, and may not review the trial court's denial of requested modifications. The state acknowledges that we held to the contrary in Harding I , Lewallen , and Larrance . It asserts, however, that those cases are wrongly decided. In particular, the state argues that our decision in State v. Ritchie , 263 Or.App. 566, 330 P.3d 37, rev. den. , 356 Or. 163, 334 P.3d 971 (2014), calls into question our reviewability conclusion in Harding I , Lewallen , and Larrance .
We are not persuaded that Ritchie so conflicts with Harding I , Lewallen , and Larrance that we should reconsider those decisions regarding the scope of our review on appeals from judgments amended pursuant to former ORS 138.083. The appeal in Ritchie was in a very different procedural posture from Harding I , Larrance , and this case. Perhaps most significantly, Ritchie did not involve an appeal from a judgment amended pursuant to a motion under former ORS 138.083. Thus, we were not called upon to address, and did not address, the reviewability of a trial court's ruling denying a requested correction to a judgment in the context of an appeal such as this one, in which the trial court has amended a judgment after granting in part and denying in part a motion under former ORS 138.083. See Ritchie , 263 Or.App. at 576-77, 330 P.3d 37. Ritchie said nothing to address that point, at least in any direct manner. Moreover, outside the context of this case, the practical utility of the requested reconsideration is questionable in view of the fact that the legislature has promulgated new provisions governing motions to correct judgments and appeals from corrected judgments resulting from such motions. An opinion now as to whether we were wrong in those prior cases about now-repealed statutes would provide little public value. For those reasons, we decline to reconsider our determination *460 in Harding I , Lewallen , and Larrance that we may review a trial court's denial of a correction to a judgment requested in a motion under former ORS 138.083 on appeal from an amended judgment resulting from a trial court's decision to grant the motion in part. Accordingly, defendant's challenges to the trial court's rejection of his request that it correct the alleged merger and 200-percent-rule errors are reviewable.
As to authority, the state contends that the trial court lacked it. Specifically, the state contends that the trial court lacked the inherent authority to correct the errors because defendant's sentences had been executed and, further, that former ORS 138.083, when correctly interpreted, did not supply *768 the court with that authority. The state again acknowledges that we rejected similar arguments in Harding I , but contends that we should not adhere to that approach. The state notes that the Supreme Court vacated our decisions in Harding I and II on other grounds, and that, therefore, we are not bound by principles of stare decisis to adhere to those decisions. Although the state recognizes that we have reaffirmed our decisions Harding I and II in both Larrance and Lewallen , at least insofar as Harding I and II addressed issues of appealability and reviewability, the state nonetheless contends that we should not do so with respect to our previous interpretation regarding a trial court's scope of authority under former ORS 138.083.
We decline the state's invitation to rethink the interpretation of former ORS 138.083 announced in Harding I and II . Further, to the extent that we have not already done so in Lewallen and Larrance , we reaffirm the interpretation announced in Harding I and II . Although there is room for debate about the proper interpretation of former ORS 138.083, Harding I and II were well-considered decisions that, in our view, reached a correct conclusion regarding the legislature's intent in enacting former ORS 138.083. We therefore reject the state's contention that the trial court lacked authority under ORS 138.083 to correct the asserted merger and 200-percent-rule errors. Under our interpretation of former ORS 138.083 in Harding I and II , the trial court had that authority. See *461 Harding II , 225 Or.App. at 390-91, 202 P.3d 181 (describing scope of trial court's authority to correct a judgment under former ORS 138.083 ).[4]
Having concluded that the trial court had the authority to entertain defendant's requested modifications to his sentence, and that the trial court's denial of his requested modifications is reviewable, we turn to the question whether the trial court abused its discretion by denying them. We start with the trial court's denial of defendant's request to modify his sentence on Counts 1 to 7 to conform to the 200-percent rule. As noted, the basis for the trial court's denial of that motion was that the 200-percent rule would have permitted the court to impose a 380-month term of incarceration on Counts 1 and 2 standing alone.
Contrary to the trial court's conclusion, the parties-correctly-agree that, assuming that defendant's convictions on Counts 1 to 7 were part of the same criminal episode and absent departures, the 200-percent rule limited defendant's total incarceration on those seven counts to 260 months. Although defendant acknowledges that the trial court imposed a departure sentence on Count 7, defendant contends that that individual departure exceeded what was allowed had the trial court correctly computed his sentence in the manner set forth in State v. Davis , 315 Or. 484, 493, 847 P.2d 834 (1993). The state does not dispute that contention. Instead, the state advances a number of other arguments as to why we should affirm the trial court's rejection of defendant's 200-percent-rule claim: (1) that defendant failed to prove that his kidnapping offense arose from the same criminal episode as the six rape offenses; (2) that defendant has not demonstrated that any 200-percent-rule error was prejudicial because, in the state's view, the trial court permissibly could have opted to impose additional departure sentences on counts in addition to Count 7 to *462 reach a 300-month sentence; and (3) that the public interest in the finality of judgments weighs against correcting any asserted error at this late date.
Although the state's arguments identify reasons why the trial court might, ultimately, decline to exercise its discretion to correct any 200-percent-rule error, they do not provide a basis for affirmance. The trial court based its denial of defendant's motion on a *769 mistaken understanding of the 200-percent rule. Its conclusion that the rule would have permitted the court to sentence defendant to 380 months' incarceration on Counts 1 and 2, standing alone, was erroneous; absent departures, the court was limited to a 260-month term of incarceration on the offenses that were part of the same criminal episode as Count 1.[5] Accordingly, because the court's exercise of discretion was based on a mistaken understanding of the 200-percent rule, we must vacate and remand to the trial court to reconsider its ruling. Larrance , 270 Or.App. at 440, 347 P.3d 830.
Next, we consider defendant's challenge to the trial court's denial of his request to fix alleged merger errors. As mentioned earlier, the court, in the main, denied that request based on its determination, from its review of the record of defendant's original trial and sentencing proceedings, that defendant had had the opportunity to raise those issues earlier and that, in fact, some of those issues had been presented to the original sentencing court. The court reasoned that the public interest in the finality of judgments and efficient administration of justice weighed against revisiting the merger issue. Defendant contends that the trial court's view of the matter was based on an erroneous view of the facts but, having reviewed the record, we are not persuaded on that point.
Defendant also contends that the trial court's rejection of his merger claim was based on an erroneous understanding of the law. He notes that the court stated that the original "sentencing court's decision was within the range of legally correct choices." In defendant's view, that statement *463 indicates a misapprehension of merger law because it suggests that the trial court thought that the issue of merger was a discretionary matter for the original sentencing court, rather than a nondiscretionary question requiring the court to apply ORS 161.067 to the facts of defendant's case. The state acknowledges what it characterizes as the trial court's "vague statement" indicating that the court viewed merger as a discretionary matter, but argues that the statement is "not significant and probably a reference to the fact that defendant had not demonstrated that merger was actually required."
When the trial court's statement is viewed in context, there is reason to think that the state's view of it is correct. We need not definitively resolve the issue because we have already determined that we must vacate and remand for reconsideration of defendant's 200-percent-rule claim. On remand, the court can clarify its ruling and, if, in fact, it was based on an erroneous conclusion that the application of the merger statute was a discretionary matter for the original sentencing court, the court can reconsider.
That leaves the final issue: Whether the trial court's correction of defendant's PPS terms on Counts 2 to 6 was correct. In defendant's view, the court erred by imposing any PPS terms on Counts 2 to 6. The state responds that defendant invited any error with his motion, in which he asked the court to correct the indeterminate PPS terms on Counts 1 to 6 to comport with Mitchell , which is exactly what the trial court did. The state also argues that defendant did not preserve the argument that he makes on appeal. Finally, somewhat perplexingly, the state argues that the corrections should never have been made in the first place because defendant's convictions on Counts 1 to 6 were subject to ORS 144.103, which, in the state's view, allows for indeterminate PPS terms on certain sex offenses.
Although the state has not asked us to correct the potentially erroneous PPS terms contained in the corrected judgment, those arguments raise substantial questions about its propriety. In view of the arguments of both parties, and because we have already determined that the judgment must be vacated and remanded, the trial court should *464 reconsider that ruling following a hearing on the matter, to ensure that any amended judgment reflects the legally correct term of *770 PPS applicable to each of defendant's counts of conviction.
Vacated and remanded.

In 2017, the legislature repealed former ORS 138.083. Or. Laws 2017, ch. 529, § 26. It enacted a similar provision to govern post-judgment motions that is now codified at ORS 137.172. Or. Laws 2017, ch. 529, § 20; see State v. Golden , 293 Or.App. 14, 21 n. 4, 426 P.3d 172 (2018) (discussing repeal of ORS 138.083 ). All references in this opinion are to former ORS 138.083 (2013), the operative statute in effect when defendant filed his motion.

See State v. Dulfu , 363 Or. 647, 665-68, 426 P.3d 641 (2018) (discussing operation of the 200-percent rule); see also State v. Carrillo , 286 Or.App. 642, 643-44, 399 P.3d 1040 (2017) (same).

Had the trial court denied defendant's motion in full and, thus, not entered an amended judgment, the court's order denying the motion would not have been appealable. Larrance , 270 Or.App. at 438, 347 P.3d 830.

In connection with its authority argument, the state argues that the Post-Conviction Hearing Act-specifically, ORS 138.540(1) -barred the trial court from correcting the asserted merger and 200-percent-rule errors. To the extent that is a separate argument from the state's general authority argument, it too is foreclosed by our decision in Harding II . There, relying on the plain wording of former ORS 138.083, we specifically rejected the state's argument that the Post-Conviction Hearing Act provided the exclusive means by which a defendant could seek to correct an erroneous term of a sentence. Harding II , 225 Or.App. at 390, 202 P.3d 181.

There is no indication that the trial court based its decision on a determination that Counts 1 and 2 were not part of the same criminal episode.