Argued and submitted December 23, 2004, sentences vacated; remanded for
sentencing; otherwise affirmed June 15, 2005

STATE OF OREGON,
*Respondent,*

*v.*

KELLY BRIAN ANGELL,
*Appellant.*

0208-34836; A121081

113 P3d 988

Peter A. Ozanne, Executive Director, Peter Gartlan, Chief Defender, and Jamesa J. Drake, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Elizabeth A. Gordon, Assistant Attorney General, filed the brief for respondent.

Before Edmonds, Presiding Judge, and Wollheim and Schuman, Judges.

WOLLHEIM, J.

## WOLLHEIM, J.

Defendant appeals the sentences imposed pursuant to his plea of guilty to sexual abuse in the second degree, ORS 163.425, possession of a controlled substance, ORS 475.992, and delivery of a controlled substance to a minor, ORS 475.995. Defendant raises three admittedly unpreserved assignments of error: (1) the trial court erred in imposing 24 months' prison and 120 months' post-prison supervision for his conviction for sexual abuse in the second degree, a Class C felony, because pursuant to ORS 144.103[1] and ORS 161.605(3),[2] the maximum sentence for a Class C felony, including post-prison supervision, is not to exceed five years; (2) the trial court erred in failing to apply the "shift to column I" rule in imposing a consecutive sentence for the delivery conviction; and (3) the trial court erred in imposing an upward departure sentence based on a "separate crimes/ time/scope/duration" factor.

The state agrees with defendant on his first assignment of error and concedes that the error was plain error that we should exercise our discretion to correct. However, the state argues that we should remand the case to the trial court only for modification of that sentence. In addition, the state argues that defendant's second and third assignments of error are unpreserved and do not rise to the level of error apparent on the face of the record.

We accept the state's concession that the trial court erred in imposing more than a five-year total sentence on

---

[1] ORS 144.103 provides, in part:

"Except as otherwise provided in ORS 137.765, any person sentenced to a term of imprisonment for violating or attempting to violate ORS * * * 163.425 * * *, shall serve a term of post-prison supervision that shall continue until the *term of the post-prison supervision, when added to the term of imprisonment served, equals the maximum statutory indeterminate sentence for the violation.*"

(Emphasis added.)

[2] ORS 161.605 provides, in part:

"The maximum term of an indeterminate sentence of imprisonment for a felony is as follows:

"* * * * *

"(3)  For a Class C felony, 5 years."

defendant's conviction for sexual abuse in the second degree; however, we hold that that error requires remand of the entire case for resentencing. *State v. Drew*, 188 Or App 665, 666, 72 P3d 1064 (2003); ORS 138.222(5).[3] Because we remand the entire case for resentencing, we need not consider defendant's second and third assignments of error.

Sentences vacated; remanded for resentencing; otherwise affirmed.

---

[3] ORS 138.222(5) provides, in part:

"If the appellate court determines that the sentencing court, in imposing a sentence in the case, committed an error that requires resentencing, *the appellate court shall remand the entire case for resentencing*. The sentencing court may impose a new sentence for any conviction in the remanded case."

(Emphasis added.)