Submitted on record and briefs February 1, remanded for resentencing; otherwise affirmed March 12, 2008

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

TRENNEDY LEE NEWSON,
*Defendant-Appellant.*

Klamath County Circuit Court
0600626CR; A134538

180 P3d 67

Peter Gartlan, Chief Defender, Legal Services Division, and Irene B. Taylor, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Jonathan H. Fussner, Attorney-In-Charge, Criminal Appeals, filed the brief for respondent.

Before Haselton, Presiding Judge, and Armstrong and Rosenblum, Judges.

HASELTON, P. J.

## HASELTON, P. J.

Defendant pleaded guilty to unlawful use of a weapon, ORS 166.220, a Class C felony, and, pursuant to stipulation, was sentenced under grid block 9C on the sentencing guidelines to a downward departure sentence of probation. Shortly thereafter, defendant's probation was revoked due to his violation of the general condition of probation that he obey all laws. Upon revocation of probation, the court sentenced defendant to 60 months' imprisonment— a presumptive sentence under grid block 9C—and also ordered defendant to serve 36 months of post-prison supervision. Defendant did not object to that disposition. On appeal, defendant challenges the lawfulness of the post-prison supervision term. The state concedes that the post-prison supervision term is plainly erroneous and agrees with defendant that the case should be remanded for resentencing. As explained below, we conclude that the state's concession is well-founded and exercise our discretion to correct the error.

Because defendant was convicted of a Class C felony, the maximum sentence, including post-prison supervision, is five years. ORS 161.605(3). We have previously treated identical errors as apparent on the face of the record. *See, e.g., State v. Angell*, 200 Or App 244, 113 P3d 988 (2005).

The question remains whether we should exercise our discretion, under *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 823 P2d 956 (1991), to address that unpreserved claim of error. *See, e.g., State v. Jury*, 185 Or App 132, 138, 57 P3d 970 (2002), *rev den*, 335 Or 504 (2003) (reiterating that, under *Ailes*, the determination of whether a claim of error satisfies the requirements of "plain error" is merely the first step in a "two-step process"). That determination involves the assessment of a variety of factors, including the following:

"[T]he competing interests of the parties; the nature of the case; the gravity of the error; the ends of justice in the particular case; how the error came to the court's attention; and whether the policies behind the general rule requiring preservation of error have been served in the case in

another way, *i.e.*, whether the trial court was, in some manner, presented with both sides of the issue and given an opportunity to correct any error."

*Ailes*, 312 Or at 382 n 6. Recently, in *State v. Fults*, 343 Or 515, 173 P3d 822 (2007), and *State v. Ramirez*, 343 Or 505, 173 P3d 817 (2007), the Supreme Court admonished that *Ailes* discretion is to be exercised sparingly and reiterated that any correction of unpreserved error must be fully and carefully justified.

We exercise our *Ailes* discretion in this case because of the following compelling combination of circumstances:

First, with respect to "the competing interests of the parties," *Ailes*, 312 Or at 382 n 6, there are no such "*competing* interests" with respect to the correction of the error in this case. (Emphasis added.) Rather, unlike in *Fults* and *Ramirez*, the state agrees here that the error should be corrected. Thus, the parties' interests in correction, if not necessarily congruent, do not conflict.

Second, given the circumstances presented here, where defendant was convicted of a single crime and the revocation of probation went only to that crime, there appears to be no possible "strategic" or "tactical" reason for defendant's failure to have raised this objection before the trial court. *Accord Fults*, 343 Or at 520 (noting that "there is a significant possibility that defendant's failure to object *was in fact* a strategic choice" (emphasis in original)). This is not a case, for example, where, if defendant had timely objected, other, potentially disadvantageous consequences with respect to the configuration of the entire sentence might have resulted. *Id.*

Third, in a related sense, there is no way that the trial court could have imposed—or, on remand, can impose—the same sentence albeit through a different means. Given the limitation in ORS 161.605(3), the only lawful sentence that can be imposed is considerably shorter than the one that the court did impose. Thus, a remand here does not implicate "the interest of the judicial system in avoiding unnecessary repetitive sentencing proceedings[.]" *Fults*, 343 Or at 523.

Fourth, there is no suggestion here that defendant may have "encourage[d] * * * the judge's choice." *Id.*

Fifth, the "gravity of the error," *Ailes*, 312 Or at 382 n 6—the imposition of a sentence three years greater than the statutorily prescribed maximum—is substantial.

Remanded for resentencing; otherwise affirmed.