Submitted May 2, remanded for resentencing; otherwise affirmed June 18, 2008

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

SCOTT EDWARD JOHNSON,
*Defendant-Appellant.*

Lincoln County Circuit Court
053346; A132710

187 P3d 742

David J. Celuch filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Pamela J. Walsh, Assistant Attorney General, filed the brief for respondent.

Before Landau, Presiding Judge, and Schuman, Judge, and Ortega, Judge.

LANDAU, P. J.

**LANDAU, P. J.**

Defendant was convicted of three counts (Counts 1, 3, and 5) of first-degree criminal mistreatment, ORS 163.205, and two counts (Counts 7 and 9) of fourth-degree assault, ORS 163.160. On his conviction on Count 1, the trial court sentenced defendant to 36 months in prison and 36 months' post-prison supervision. On Count 3, defendant was sentenced to 30 months in prison and 36 months' post-prison supervision. Defendant received 36 months' probation on Count 5. On his assault conviction on Count 7, the trial court sentenced defendant to 30 months in prison and 36 months' post-prison supervision. On Count 9, defendant received 36 months' probation. Defendant did not object to the imposition of those sentences.

■ On appeal, defendant challenges the lawfulness of the terms of post-prison supervision imposed on Counts 1, 3, and 7, arguing that the aggregate sentences—incarceration and post-prison supervision—exceed the statutory maximum. He concedes that he did not raise the issue below but urges us to consider it as plain error. *See* ORAP 5.45(1). The state agrees that the post-prison supervision terms are plainly erroneous and agrees with defendant that the case should be remanded for resentencing. As explained below, we conclude that the state's concession is well-founded and exercise our discretion to correct the error.

Because defendant was convicted of Class C felonies, the maximum sentence for each one, including post-prison supervision, is 60 months. ORS 161.605(3); OAR 213-005-0002(4). We have previously treated the imposition of a sentence that exceeds that maximum as error apparent on the face of the record. *E.g., State v. Newson*, 218 Or App 393, 395, 180 P3d 67 (2008); *State v. Angell*, 200 Or App 244, 246-47, 113 P3d 988 (2005). Therefore, we agree with the parties that the trial court plainly erred in imposing the post-prison supervision terms such that defendant's sentences on Counts 1, 3, and 7 each exceeded 60 months.

■ The question remains whether we should exercise our discretion to address the unpreserved claim of error under *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 823 P2d

956 (1991). *See State v. Jury*, 185 Or App 132, 138, 57 P3d 970 (2002), *rev den*, 335 Or 504 (2003) (reiterating that, under *Ailes*, the determination of whether a claim of error satisfies the requirements of "plain error" is merely the first step in a "two-step process"). That determination involves the assessment of a variety of factors, including

> "the competing interests of the parties; the nature of the case; the gravity of the error; the ends of justice in the particular case; how the error came to the court's attention; and whether the policies behind the general rule requiring preservation of error have been served in the case in another way, *i.e.*, whether the trial court was, in some manner, presented with both sides of the issue and given an opportunity to correct any error."

*Ailes*, 312 Or at 382 n 6. We exercise our discretion sparingly, bearing in mind that, consistently with *State v. Fults*, 343 Or 515, 173 P3d 822 (2007), and *State v. Ramirez*, 343 Or 505, 173 P3d 817 (2007), *adh'd to as modified on recons*, 344 Or 195, 179 P3d 673 (2008), any correction of unpreserved error must be fully and carefully justified.

We exercise our discretion under *Ailes* in this case because of the following combination of circumstances. First, with respect to "the competing interests of the parties," *Ailes*, 312 Or at 382 n 6, there are no such competing interests regarding the correction of the error in this case. Unlike in *Fults* and *Ramirez*, the state agrees in this case that the error should be corrected. Thus, the parties' interests in correction do not conflict.

Second, there appears to be no "strategic" or "tactical" reason for defendant's failure to raise this objection before the trial court. *See Fults*, 343 Or at 520 (noting that "there is a significant possibility that [the] defendant's failure to object *was in fact* a strategic choice" (emphasis in original)). There is no indication that, had defendant timely objected, any disadvantageous consequences to his other sentences might have resulted. *See id.*

We next consider whether a remand for resentencing in this case would implicate "the interest of the judicial system in avoiding unnecessary repetitive sentencing proceedings." *Id.* at 523. The state does not contend that the

court, on remand, could reach the same result some other way. *Cf. State v. Jenniches*, 187 Or App 658, 664, 69 P3d 771, *rev den*, 335 Or 578 (2003) (declining to exercise discretion to correct a sentencing error because it was "certain" that, on remand, the trial court would restructure the defendant's sentences so as to achieve the same sentence that it originally imposed).

There is also no suggestion in this case that defendant may have "encourage[d] * * * the judge's choice." *Fults*, 343 Or at 523.

Finally, the "gravity of the error," *Ailes*, 312 Or at 382 n 6, is significant in this case. On Count 1, defendant received a sentence that is one year greater than the five-year maximum. Defendant's sentences on Counts 3 and 7 exceed the five-year statutory maximum by six months.

Remanded for resentencing; otherwise affirmed.