## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## JEFFERY L. HALL,
*Defendant-Appellant.*

Deschutes County Circuit Court
05FE0181MS; A146253

301 P3d 438

Daniel C. Bennett, Deputy Public Defender, argued the cause for appellant. With him on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Justice J. Rillera, Assistant Attorney General, argued the cause for respondent. With her on the brief were Ellen F. Rosenblum, Attorney General, and Anna M. Joyce, Solicitor General.

Before Armstrong, Presiding Judge, and Wollheim, Judge, and Nakamoto, Judge.

PER CURIAM

**PER CURIAM**

In this criminal case, defendant appeals a judgment revoking probation and imposing sentence on his convictions for 100 counts of first-degree encouraging child sexual abuse, a Class B felony with a maximum indeterminate sentence of 120 months. ORS 163.684; ORS 161.605(2). The trial court imposed a sentence of incarceration on each count, varying from 16 to 45 months, and "120 months post-prison supervision less time actually served" on each count. Defendant did not object to that sentence. On appeal, defendant argues that the trial court plainly erred by imposing a sentence that is unlawful because it exceeds the statutory maximum and because the term of post-prison supervision (PPS) is indeterminate. He further contends that we should exercise our discretion to correct that error. The state concedes that the trial court erred and that the error is plain, and agrees with defendant that we should exercise our discretion to correct it.

The PPS term of defendant's sentence was indeterminate and, thus, constituted plain error, ORAP 5.45(1), in light of our decision in *State v. Mitchell*, 236 Or App 248, 235 P3d 725 (2010). *See also State v. Young*, 249 Or App 597, 277 P3d 645 (2012) (PPS terms of five years of "minus the period of incarceration" served on each count were unlawfully indeterminate, where crimes of conviction were Class C felonies carrying maximum indeterminate sentence of five years). Further, for the reasons explained in *State v. Gutierrez*, 243 Or App 285, 259 P3d 951 (2011) (state has no interest in having defendant serve an unlawful sentence), and *State v. Newson*, 218 Or App 393, 395-97, 180 P3d 67 (2008) (state concedes; no possible strategic reason not to object; no legal way for trial court to impose the same sentence; no suggestion that defendant invited the error; gravity of error), we exercise our discretion under *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382 n 6, 823 P2d 956 (1991), to correct that error.

Defendant raises two other assignments of error; we affirm on those assignments without discussion.

Reversed and remanded for resentencing; otherwise affirmed.