Submitted March 21, 2014, vacated and remanded April 15, 2015

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

VERN EMERSON LARRANCE,
aka Vern Larrance,
*Defendant-Appellant.*

Deschutes County Circuit Court
10FE0378AB; A152607

347 P3d 830

Peter Gartlan, Chief Defender, and Stephanie J. Hortsch, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Jeremy C. Rice, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Egan, Judge, and De Muniz, Senior Judge.

EGAN, J.

**EGAN, J.**

Pursuant to plea negotiations, defendant pleaded no contest to the felony charge of unlawful use of a weapon, ORS 166.220, and the misdemeanor charges of strangulation, ORS 163.187, and menacing, ORS 163.190, and the state moved to dismiss a charge of attempted murder, ORS 161.405; ORS 163.115. The court entered a judgment of conviction for the charges to which defendant pleaded and dismissed the final charge. For the felony conviction of unlawful use of a weapon, the court imposed a sentence of 60 months' imprisonment and 36 months' post-prison supervision (PPS). The court imposed PPS on the misdemeanor convictions and a no-contact order during the term of PPS on each of the three convictions. Defendant appealed that judgment of conviction, and we affirmed without opinion. *State v. Larrance*, 249 Or App 334, 278 P3d 141 (2012). Defendant then filed a *pro se* motion in the trial court to modify the judgment under ORS 138.083(1)(a),[1] arguing that the terms in the judgment were erroneous because (1) the felony sentence exceeded the statutory maximum and was unlawfully indeterminate; (2) the court lacked authority to impose PPS on misdemeanor convictions; and (3) the court lacked authority to impose conditions of PPS on all convictions.[2] Following a hearing, the court modified the judgment to remove the PPS terms from the misdemeanor convictions, but left the other terms intact. Defendant now appeals the amended judgment, arguing that the court abused its discretion when it declined to correct all of the purportedly erroneous terms contained in the original judgment. The state argues that, regardless of whether the terms of the judgment are unlawful, the trial court did not abuse its discretion when it declined to correct the purported errors. We conclude that the trial court abused its discretion, vacate the amended judgment, and remand to the trial court for further consideration of the matter.

---

[1] We set out the text of ORS 138.083(1)(a) below. 270 Or App at 438.

[2] In defendant's appeal of his judgment of conviction, defendant did not raise the issue that his felony sentence was unlawfully excessive or indeterminate. However, defendant asked us to review, as plain error, the trial court's imposition of PPS on his misdemeanor convictions and the imposition of conditions of PPS on each of his convictions.

We review a trial court's determination whether to correct a judgment of conviction under ORS 138.083 for abuse of discretion. *State v. Engerseth,* 255 Or App 765, 768 n 4, 299 P3d 567, *rev den,* 353 Or 868 (2013). With that standard in mind, we turn to the facts, which are procedural and undisputed.

As noted, defendant pleaded no contest to certain charges following plea negotiations. Defendant and the state did not memorialize the terms of the plea agreement before the sentencing hearing. Instead, the parties agreed to state the terms of the agreement on the record. While doing so, defense counsel stated:

> "We understand that [the charge of unlawful use of a weapon] is subjected to [ORS] 161.610; the 60 months. We're in agreement that [defendant] would be sentenced in accordance with that statute, which allows for good time."

After the parties stated the terms of the agreement, which included no discussion of PPS, the court accepted defendant's plea and imposed a sentence of 60 months' imprisonment and 36 months' PPS for the conviction of unlawful use of a weapon, which is a Class C felony with a maximum indeterminate sentence of 60 months. ORS 161.605(3). The court provided that defendant was eligible for "earned good time credit" on that sentence. The court also inserted a qualification into the judgment stating that "post[-]prison supervision plus time served, shall not exceed 60 months." When the court inserted that qualification into the judgment, the following exchanged occurred:

> "THE COURT: Okay. So—and what about post-prison supervision? Because I can't give a sentence that's longer—let me just ask: If it's 60 months, and I know that he's going to get some time off, he's going to get 20 percent off, I can say—I can say 36 months, but post-prison supervision will be reduced by—will be no longer than the time actually served, plus whatever it is not to exceed 60 months.
>
> "[PROSECUTOR]: That's fine with the State, Your Honor.
>
> "[DEFENSE COUNSEL]: I agree.
>
> "THE COURT: Do you agree with that, [defense counsel]?

"[DEFENSE COUNSEL]:   I do.

"THE COURT:   All right. Sir, I'm just trying to make sure that I give you a lawful sentence.[3]

"DEFENDANT:   Yes, sir.

"THE COURT:   So that's my job, to make sure I don't exceed my authority."

At that sentencing hearing, the court also imposed PPS on the misdemeanor convictions and an order to have no contact with the victim during the PPS term of each of the three convictions.

As noted, defendant appealed the judgment of conviction, and we affirmed without opinion. Next, defendant filed a *pro se* motion in the trial court to modify the judgment under ORS 138.083. Defendant filed a concise memorandum in support of his motion clearly articulating his arguments. In support of his argument that the sentence for his conviction of unlawful use of a weapon—60 months' imprisonment and 36 months' PPS with a qualification varying the length of the sentence depending on any good time credit—was unlawfully excessive and indeterminate, defendant cited *State v. Stalder*, 205 Or App 126, 133 P3d 920 (2006) (holding that a sentence is both unlawfully excessive and unlawfully indeterminate if the term of incarceration and term of PPS taken together are greater than the statutory maximum, regardless of whether the court inserts a qualification), and *State v. Mitchell*, 236 Or App 248, 235 P3d 725 (2010) (same; reviewing for plain error). In support of his argument that the court lacked authority to impose PPS on misdemeanor convictions, defendant cited ORS 137.010(10) (authorizing a trial court to impose PPS on felony, not misdemeanor, convictions). And last, in support of his argument that the court lacked authority to impose conditions of PPS,

_____

[3] The statutes and rules implicated by this sentence include ORS 161.605(3) (setting the maximum indeterminate sentence for a Class C felony at 60 months); OAR 213-005-0002(4) (stating that when the total duration of any sentence, which includes both prison incarceration and PPS, exceeds the statutory maximum indeterminate sentence, the sentencing judge shall first reduce the duration of PPS to the extent necessary to conform the total sentence length to the statutory maximum); and OAR 213-005-0005 (stating that a judgment of conviction must state the length of incarceration and the length of PPS, which requires a definite—not variable—sentence).

defendant argued that the court has authority only to recommend a condition of PPS, not to order that condition, but he cited no authority for that proposition.

During the hearing on defendant's motion to modify the judgment, the state was present and defendant represented himself over the telephone. The court began the hearing by acknowledging that it lacked authority to impose PPS on misdemeanor convictions, and then asked defendant if there were other problems with the judgment. Defendant replied that there was a problem with the sentence for his conviction for unlawful use of a weapon:

"[DEFENDANT]: I—my release date is June 30th of 2014, which is 48 months. I have 12 months' good time. And they're telling me that I have to do 36 months' post-prison supervision in one correspondence, and 12 months in another, which actually they can't—that's an indeterminate sentence of 96 months, and the maximum is 60 months."

In response, the court read the sentence as it was recorded in the judgment of conviction:

"THE COURT:   It says, 'The defendant is sentenced to the custody of the Department of Corrections of the State of Oregon for the crime of unlawful use of a dangerous weapon with a firearm for a period of 60 months under ORS 161.610, with credit for time served. He's eligible for all programs, consistent with the Department of Corrections.' And he may release the defendant on post-prison supervision under, as long as it does not conflict with ORS 161.610. Okay. 'Defendant is eligible for good time credit as authorized by the Department of Corrections.'

"And then I say, 'The length of post-prison supervision shall be 36 months, but post-prison supervision plus time served shall not exceed 60 months.' I don't know if it could be any clearer than that."

Defendant asked the court to further explain its position—inquiring whether he would still be required to serve any term of PPS once he has completed 60 months' imprisonment, less 12 months' earned good time. The court indicated that he would, and defendant replied:

"DEFENDANT: So are they saying that my good time is just so I can get out and do more time, do my

post-prison supervision, when it clearly states 'will not exceed 60 months?'

"THE COURT:   Well, sir, your—

"DEFENDANT:   Or my good time doesn't count for anything?

"THE COURT:   Your good time does not count against your obligation for post-prison supervision.

"DEFENDANT:   Well, there's—oh, gosh. I got Layton and Hall—Layton versus Hall and Stalder,[4] several case laws that state the contrary.

"THE COURT:   Well, you want to state those cases, sir, fine; I'll be happy to look at them. But in any event, what I'm prepared to say and what I understood to say was you wanted [the imposition of PPS on defendant's two misdemeanor convictions] deleted. That's clear on the face of it.

"If you—I think what I said [in the judgment] was pretty darn clear. And you can talk to the Parole Board or the corrections officials, but I think the sentence that I gave you was consistent with the plea negotiations, sir. And how it's calculated is between you and the Corrections Division."

Before concluding, the court went over what had taken place during the hearing, and defendant again articulated his argument and attempted to bring the dispositive case law to the court's attention.

"THE COURT:   Now, I've done what you wanted on the majority of this. I'm just trying to help you out, *make sure that it's complied with*, okay?

"DEFENDANT:   Yes. I guess I'll have to contact [defense counsel]. In my amended sentence that I sent you, *I listed the cases on the*—

---

[4] As cited in defendant's memorandum in support of his motion, those cases are *Stalder*, 205 Or App at 133-34 (holding that a sentence is both unlawfully excessive and unlawfully indeterminate if the term of incarceration and term of PPS taken together are greater than the statutory maximum regardless whether the court inserts a qualification stating that the actual term served will not exceed the maximum), and *Layton v. Hall*, 181 Or App 581, 592, 47 P3d 898 (2002) (upholding a post-conviction court's conclusion that the petitioner's trial counsel provided ineffective assistance in failing to point out to the sentencing court that OAR 213-005-0002(4) precluded imposition of a prison term and a PPS term that, taken together, exceeded the statutory maximum sentence).

"THE COURT:   Right. I only had one circled at the top [referring to defendant's circuit case file numbers, not the case law cited by defendant in his memorandum], and that's the one they sent up, but I'll correct the other two misdemeanors as well, okay?

"DEFENDANT:   Yeah. I understand that. I'm still concerned about the gun charge sentencing and the determination of good time, where—

"THE COURT:   Well, even if you get good time, I don't think they're going to take that off the total 60 months that you—between incarceration and post-prison supervision. But you can talk to the Corrections Division, you can talk to your attorney * * *. I'm not precluding you from bringing that back to the Court, sir.

"DEFENDANT:   Okay. Okay.

"THE COURT:   I'm just trying to help you out here.

"DEFENDANT:   Yeah.

"THE COURT:   And we'll make sure that those are corrected. The State will do the felony, and we'll make sure the two misdemeanors are taken care of, and we'll send you that in Deer Ridge, sir, okay?

"DEFENDANT:   Okay. Thank you, Judge * * *.

"THE COURT:   Okay. [Prosecutor], would you do that promptly, so that we can take care of this gentleman? And again, if you have any problems with the length or misunderstanding, please contact your attorney, * * *, sir.

"DEFENDANT:   Okay. I'll do that.

"THE COURT:   Sir, it's nice talking to you and I wish you well."

(Emphases added.)

On appeal of the amended judgment, defendant argues that the trial court abused its discretion when it declined to correct defendant's felony sentence and the no-contact order for defendant's misdemeanor and felony convictions because the court explicitly stated that it intended to impose a lawful sentence, but declined to correct the unlawful sentence contained in the judgment when given the opportunity to do so. The state responds that the

court did not abuse its discretion because a trial court has broad discretion whether to modify a judgment under ORS 138.083. Moreover, the state argues that allowing defendant to modify the sentence contained in the judgment—regardless of whether the judgment contains an unlawful sentence—would allow defendant to abuse the negotiation process because, "after securing a favorable agreement from the state, the defendant could then change the terms of the agreement to something that the state may never have agreed with in the first place."

ORS 138.083(1)(a) provides:

"The sentencing court retains authority irrespective of any notice of appeal after entry of judgment of conviction to modify its judgment and sentence to correct any arithmetic or clerical errors or to delete or modify any erroneous term in the judgment. The court may correct the judgment either on the motion of one of the parties or on the court's own motion after written notice to all the parties."

Under ORS 138.083, a trial court has broad discretion to modify or to not modify an erroneous term in a judgment. *State v. Harding*, 225 Or App 386, 389, 202 P3d 181, *vac'd on other grounds*, 347 Or 368, 223 P3d 1029 (2009) ("[E]ven assuming that [a sentencing term] constitutes an erroneous term, ORS 138.083 would not require the court to correct such an error, given the discretionary nature of the trial court's error-modification authority under that statute." (Internal quotation marks omitted.)). In determining whether the trial court abused its discretion under ORS 138.083, "we will reverse only if a trial court's discretionary determination is not a legally permissible one." *State v. Lewallen*, 262 Or App 51, 56, 324 P3d 530, *rev den*, 355 Or 880 (2014); *see also State v. Rogers*, 330 Or 282, 312, 4 P3d 1261 (2000) (abuse of discretion means that the court's action or decision was not "within the range of legally correct discretionary choices" and did not result in a "permissible, legally correct outcome"); *State v. G. N.*, 230 Or App 249, 255, 215 P3d 902 (2009) (one test for evaluating whether a court has abused its discretion is whether the decision was clearly against reason and evidence). Although a court's decision not to modify a judgment is not appealable, a judgment amended under ORS 138.083 that imposes a sentence

is appealable. *Harding,* 225 Or App at 391. The issue on appeal of such a judgment is whether the court erred in the manner in which it amended the judgment. *Id.* at 388; *accord Engerseth,* 255 Or App at 768.

Consequently, the issue presented by defendant's appeal of his amended judgment is whether the court abused its discretion when it corrected some, but not all, of the purported errors identified by defendant in his motion to modify the judgment. Three facts are of particular significance to our answer to that question in this case. First, the court stated that it intended to comply with the sentencing rules and statutes, both when it initially crafted defendant's sentence and when it declined to modify defendant's sentence.[5] Second, the court misstated the law at sentencing and in the course of the hearing to modify the judgment.[6] Third, when defendant corrected the court's misstatement of the law and directed the court to the dispositive cases, the court acknowledged defendant's reference, and even stated that it would examine those authorities, but then decided the matter without doing so because it concluded that the judgment was not erroneous under its incorrect view of the law.

"Although a trial court's decision whether to modify a judgment under ORS 138.083 is discretionary, *Lewallen,* 262 Or App at 56-57, the exercise of discretion based on a mistaken premise of law can be a failure to properly exercise discretion. *State v. Pemberton,* 226 Or App 285, 289, 203 P3d 326 (2009); *see also State v. Romero (A138124),* 236 Or App 640, 643-44, 237 P3d 894 (2010) ("Where * * * a trial court's purported exercise of discretion flows from a mistaken legal premise, its decision does not fall within the range of legally correct choices and does not produce a permissible, legally correct outcome.").

---

[5] At the sentencing hearing, the court stated that it was trying to give defendant a "lawful sentence." At the hearing to modify the judgment, the court stated that it wanted to make sure that the law was complied with.

[6] *See Stalder,* 205 Or App at 133-34 (vacating an unlawfully excessive and unlawfully indeterminate sentence); *Mitchell,* 236 Or App at 255-56 (same, and reviewing for plain error); *accord State v. Hall,* 256 Or App 518, 301 P3d 438 (2013); *State v. Young,* 249 Or App 597, 277 P3d 645 (2012); *State v. Gutierrez,* 243 Or App 285, 259 P3d 951 (2011); *State v. Newson,* 218 Or App 393, 180 P3d 67 (2008); *State v. Wierson,* 216 Or App 318, 172 P3d 281 (2007).

Moreover, the state's policy concern—that a defendant might try to game the system by soliciting an unlawful sentence from the state and then later compelling the court to modify the judgment, thereby securing a more favorable agreement than the state would have offered—is not present here. As noted, defendant and the state did not memorialize the plea agreement before the sentencing hearing, but rather agreed to read the terms into the record. While stating the terms of the agreement for the record, defendant emphasized that the parties had agreed that defendant's sentence for unlawful use of a weapon would be consistent with the statutory sentencing scheme in terms of both eligibility for good time and the 60-month maximum sentence. That emphasis makes clear that the state's policy concern is not implicated by these facts. And in a case in which such a concern is implicated by the facts, those facts could be used by the trial court to inform its decision whether to exercise its discretion to modify the judgment.

In sum, a court's decision to modify or not to modify a term contained in a judgment is "highly discretionary." *Harding*, 225 Or App at 391; *accord Lewallen*, 262 Or App at 57. Moreover, a court's decision to not modify a judgment under ORS 138.083 is not appealable. *Harding*, 225 Or App at 392. However, when a court amends a judgment, it must not do so in a manner that abuses its discretion. *Engerseth*, 255 Or App at 768 n 4. Here, because the trial court intended to give a lawful sentence, but misapprehended the law and ultimately decided the matter in reliance on that erroneous view of the law, the court abused its discretion. Accordingly, we vacate the amended judgment and remand to the trial court for further consideration of the matter.

Vacated and remanded.