PER CURIAM
*774 Defendant appeals the judgment of conviction for one count of first-degree sexual abuse, ORS 163.427. He raises two assignments of error; we reject the first without written discussion but write to address his assignment of error challenging the trial court's imposition, under ORS 137.719, of a 15-year prison sentence.[1] Defendant contends that, under State v. Carlton , 361 Or. 29, 388 P.3d 1093 (2017), his previous California convictions for violations of California Penal Code section 288 do not qualify as "comparable offenses" for the purpose of triggering the sentencing requirement of ORS 137.719. Defendant did not preserve that argument but asks that we review the imposition of the ORS 137.719 sentence as plain error. See ORAP 5.45(1) ("[T]he appellate court may, in its discretion, consider a plain error."). The state concedes that the error is plain, and for the same reasons explained in State v. Marcus , 292 Or. App. 770, --- P.3d ---- (2018), also decided today, we accept the state's concession that the imposed sentence is plain error.
Moreover, we exercise our discretion to correct the error. See Ailes v. Portland Meadows, Inc. , 312 Or. 376, 382 n. 6, 823 P.2d 956 (1991) (in determining whether to exercise our discretion to correct plain error, we consider, among other things, "the gravity of the error"). A 15-year sentence that is significantly longer than the 75-months imprisonment sentence that would otherwise be imposed under ORS 137.700 is a grave error. See, e.g. , State v. Johnson , 220 Or. App. 504, 508, 187 P.3d 742 (2008) (the defendant receiving sentences one year and six months more than the maximum allowed was grave error).
Remanded for resentencing; otherwise affirmed.

ORS 137.719 provides that the presumptive sentence for a felony sex crime is life imprisonment without the possibility of release or parole if the defendant has been convicted of felony sex crimes twice prior to the current sentence. A prior sentence can include sentences "imposed by any other state or federal court for comparable offenses ." ORS 137.719(3)(b)(B) (emphasis added). In this case, the trial court departed from the presumptive sentence and imposed a 15-year prison sentence with no post-prison supervision.