PER CURIAM
*771 Defendant appeals the judgment of conviction for 10 counts of second-degree encouraging child sexual abuse, ORS 163.686. Defendant raises five assignments of error and two additional supplemental pro se assignments. We reject all of them without written discussion except for his assignment challenging the trial court's imposition, under ORS 137.719,[1] of a sentence of life imprisonment without the possibility of parole for each conviction; specifically his argument that, under State v. Carlton , 361 Or. 29, 388 P.3d 1093 (2017), his previous California convictions do not qualify as "comparable offenses" for the purpose of triggering the sentencing requirement of ORS 137.719.[2] Although defendant failed to preserve that argument below, he asks us to review for plain error. ORAP 5.45(1). The state concedes that the trial court plainly erred in imposing a true-life sentence, and as we explain, we agree, accept the concession, and remand for resentencing.
In Carlton , the defendant was convicted of three counts of first-degree sexual abuse in Oregon. 361 Or. at 33, 388 P.3d 1093. At sentencing, the court imposed a true-life sentence under ORS 137.719, concluding that the defendant's three previous convictions for violating California Penal Code section 288 (committing "lewd and lascivious conduct upon a child") were "comparable offenses" under ORS 137.719(3)(b)(B). Carlton , 361 Or. at 33, 388 P.3d 1093. The Supreme Court concluded that the defendant's California convictions "were not comparable to a qualifying Oregon offense under ORS 139.719(3)(b)(B) * * * and that the trial court erred in imposing the presumptive life sentence prescribed by that statute." Id. at 46, 388 P.3d 1093. Similarly, in this case, defendant's predicate convictions for the purpose of applying true-life sentences under ORS 137.719 were for violations of Cal Penal Code § 288. Under Carlton , the *772 trial court plainly erred by sentencing defendant under ORS 137.719 based on his prior California convictions. See State v. Jury , 185 Or. App. 132, 136, 57 P.3d 970 (2002), rev. den. , 335 Or. 504, 72 P.3d 636 (2003) (the law at the time of appeal is considered when deciding whether a trial court erred); see also State v. Brown , 310 Or. 347, 355-56, 800 P.2d 259 (1990) (error is plain if it is legal error; apparent and not reasonably in dispute; and appears on the face of the record). *791 Moreover, given the gravity of an erroneous true-life sentence, we exercise our discretion to correct the error. See Ailes v. Portland Meadows, Inc. , 312 Or. 376, 382 n. 6, 823 P.2d 956 (1991) (in determining whether to exercise our discretion to correct plain error, we consider, among other things, "the gravity of the error"). See, e.g. , State v. Johnson , 220 Or. App. 504, 508, 187 P.3d 742 (2008) (the defendant receiving sentences one year and six months more than the maximum allowed was grave error).
Remanded for resentencing; otherwise affirmed.

ORS 137.719 provides that the presumptive sentence for a felony sex crime is life imprisonment without the possibility of release or parole if the defendant has been convicted of felony sex crimes twice prior to the current sentence. A prior sentence can include sentences "imposed by any other state or federal court for comparable offenses ." ORS 137.719(3)(b)(B) (emphasis added).

Defendant argues alternatively that the life sentences imposed under ORS 137.719 are unconstitutionally disproportionate. Given our disposition, it is unnecessary to address that argument.