314 February 19, 2026 No. 118

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of the Marriage of

Andrew ANDERSON,
*Petitioner-Appellant,*
*and*

Jocelyn K. ANDERSON,
*Respondent-Respondent.*

Deschutes County Circuit Court
17DR16070; A183315

Raymond D. Crutchley, Judge. (Order entered November 3, 2023)

Walter Randolph Miller, Jr., Judge. (Order entered November 27, 2023)

Argued and submitted on September 10, 2025.

Andrew Anderson argued the cause and filed the briefs *pro se*.

P. Andrew McStay argued the cause for respondent. On the brief were Kevin H. Kono and Davis Wright Tremaine LLP and Joel J. Kent, Kyle J. Piro, and Stahancyk Kent & Hook PC.

Before Shorr, Presiding Judge, Powers, Judge, and O'Connor, Judge.

O'CONNOR, J.

Reversed and remanded.

**O'CONNOR, J.**

In this domestic relations case, husband appeals from a stipulated general judgment of dissolution. Husband challenges the trial court's denial of his motion to set aside the judgment under ORCP 71 B(1) and ORCP 71 C, and his amended motion to set aside the judgment, which relied on the same provisions. The trial court denied the motion to set aside the judgment as incomplete, without holding a hearing, and it denied the amended motion as incomplete or untimely, also without a hearing.

Husband raises nine assignments of error. In his first and second assignments of error, husband argues that the trial court erred when it denied his motion and his amended motion without allowing oral argument under UTCR 5.050(1). In his third and fourth assignments, husband argues that the trial court erred when it denied his motion to set aside the judgment and his amended motion without allowing an evidentiary hearing. In his fifth assignment of error, husband contends that the trial court erred when it denied his motion to set aside the judgment under ORCP 71 B(1) for not including a responsive pleading or an ORCP 21 A motion to dismiss. In husband's sixth and seventh assignments of error, husband argues that the trial court erred when it assigned his case to two judges that had demonstrated manifest bias and prejudice against him. In husband's eighth and ninth assignments of error, he argues that the trial court erred when those same two judges did not recuse themselves and denied his motion.

We reverse the trial court's denial of husband's motion to set aside the general judgment under ORCP 71 B(1) and ORCP 71 C based on his first and fifth assignments of error, as we explain in more detail below. The motion was complete as filed. The trial court erred when it denied the motion as incomplete. The court also erred when it did not allow oral argument on the motion. We remand for further proceedings, which makes it unnecessary to reach the remaining assignments of error.[1]

---

[1] One judge denied the initial motion and a different judge denied the amended motion. Because husband challenges both orders on appeal, both judges

## I.   FACTS

Husband and wife married in February 2015 and separated in July 2017. Husband filed a petition for dissolution in August 2017. In a separate criminal case, husband was convicted of menacing and second-degree kidnapping.[2] Wife was the victim. Husband was therefore incarcerated while the divorce proceedings were pending. On May 4, 2022, a settlement hearing was held on the dissolution petition, and the parties appeared to reach an agreement. Husband appeared to attend the May 4 settlement hearing via telephone, with technical difficulties. On September 26, 2022, the trial court entered a stipulated general judgment of dissolution based on the agreement.

On September 25, 2023, husband filed a *pro se* motion to set aside the stipulated general judgment, alleging duress, undue influence, surprise, and excusable neglect under ORCP 71 B(1)(a); fraud, misrepresentation, or other misconduct of wife under ORCP 71 B(1)(c); fraud under ORCP 71 C; and that the ultimate division of assets was not just and equitable. In his motion to set aside, husband made allegations that, due to his incarceration, he lacked knowledge of the settlement terms and that he was unable to consult with his lawyer or fully participate in the settlement negotiations at the May 4 hearing. He also claimed that the proposed stipulated settlement agreement was substantially altered after the May 4 hearing without his informed consent and that that altered agreement became the general stipulated judgment that he now challenges.[3]

Husband requested oral argument in the caption of the motion and in the first paragraph of the motion, relying on UTCR 5.050(1).[4] Husband asserted in the motion that

---

are listed on the title page of this opinion. We reverse the denial of the initial motion and do not reach the second judge's ruling denying the amended motion.

[2] The Oregon Supreme Court reversed husband's second-degree kidnapping conviction in *State v. Anderson*, 374 Or 326, 577 P3d 746 (2025).

[3] Husband's allegations about the nature of his stipulation likely present factual disputes to be resolved in the trial court.

[4] UTCR 5.050(1) provides:

"Oral argument may be requested by the moving party in the caption of the motion or by a responding party in the caption of a response. The first

"[t]he requirement of ORCP 71 B to file a pleading or motion under ORCP 21 containing an assertion of a claim or defense is not applied and therefore not necessary for this motion."

Husband filed with the motion a document that he titled "Memorandum of Law with Exhibit List Summary and Exhibits" (hereafter memorandum) and three declarations. Husband alleged that the trial court had based its distribution of marital assets on false statements by wife and fraud committed by wife. The memorandum provided specific information about each of the allegations in the motion to set aside and supporting evidence. He argued, in detail, that we do not reproduce here, that the division of the marital assets was not "just and equitable."

On November 2, 2023, the trial court denied his motion to set aside the general judgment, explaining:

> "The motion is not properly before the court. Petitioner is seeking Relief from Judgment pursuant to ORCP 71. Petitioner's motion alleges, *inter alia*, mistake, inadvertence, surprise, excusable neglect, and fraud. Petitioner is required to support his reasons by a pleading or motion under ORCP 21 A which contains a claim or defense. Petitioner has failed to do so. Petitioner has leave to file a motion for Relief from Judgment in accordance with ORCP 71."

On November 20, 2023, husband filed an amended motion. He included a new section labeled "ORCP 21 A Pleading" and attached his original 2017 petition for dissolution. He referred back to the previously filed memorandum and declarations that he had attached to the original motion.

On November 27, 2023, the trial court—a different judge than the judge who had denied husband's original motion and granted him leave to refile—denied the amended motion to set aside, writing that it was an

---

paragraph of the motion or response must include an estimate of the time required for argument and a statement whether official court reporting services are requested. The court must allow oral argument unless the court receives documents which resolve the pending motion before the time set for hearing."

"untimely/improper motion to reconsider." Husband filed this appeal.

## II.   ANALYSIS

Husband's arguments require us to interpret and apply ORCP 71 B and ORCP 71 C. Those provisions provide, in relevant part:

> "**B   Mistakes; inadvertence; excusable neglect; newly discovered evidence, etc.**
>
> "B(1)   *By motion*. On motion and upon such terms as are just, the court may relieve a party or such party's legal representative from a judgment for the following reasons: (a) mistake, inadvertence, surprise, or excusable neglect; (b) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 64 F; (c) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (d) the judgment is void; or (e) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application. A motion for reasons (a), (b), and (c) shall be accompanied by a pleading or motion under Rule 21 A which contains an assertion of a claim or defense. The motion shall be made within a reasonable time, and for reasons (a), (b), and (c) not more than one year after receipt of notice by the moving party of the judgment. A copy of a motion filed within one year after the entry of the judgment shall be served on all parties as provided in Rule 9 B, and all other motions filed under this rule shall be served as provided in Rule 7. A motion under this section does not affect the finality of a judgment or suspend its operation.
>
> "*****
>
> "**C Relief from judgment by other means.** This rule does not limit the inherent power of a court to modify a judgment within a reasonable time, or the power of a court to entertain an independent action to relieve a party from a judgment, or the power of a court to grant relief to a defendant under Rule 7 D(6)(d), or the power of a court to set aside a judgment for fraud upon the court."

ORCP 71 (formatting in original).

A.  *ORCP 71 B*

We first address husband's argument that the trial court erred when it denied his motion to set aside the judgment under ORCP 71 B(1) without oral argument.

The relevant portion of ORCP 71 B(1) provides:

"On motion and upon such terms as are just, the court may relieve a party or such party's legal representative from a judgment for the following reasons: (a) mistake, inadvertence, surprise, or excusable neglect; \*\*\*; (c) fraud \*\*\*, misrepresentation, or other misconduct of an adverse party; \*\*\*. A motion for reasons (a) \*\*\* and (c) shall be accompanied by a pleading or motion under Rule 21 A which contains an assertion of a claim or defense. \*\*\*."

The trial court denied husband's ORCP 71 motion under ORCP 71 B(1) based on its conclusion that the motion was incomplete because husband failed to support it with "a pleading or motion under ORCP 21 A which contains a claim or defense."

A trial court "abuses its discretion by considering an ORCP 71 B(1) motion that is not complete, that is, that does not contain a responsive pleading." *Ballinger v. Nooth*, 254 Or App 402, 406, 295 P3d 115 (2012), *rev den*, 353 Or 747 (2013) (internal punctuation omitted). A trial court similarly abuses its discretion by refusing to consider a complete ORCP 71 B(1) motion. *See Ballinger*, 254 Or App at 408 (applying that standard). ORCP 71 B(1) presents a legal question that we review for an error of law. *See Union v. Lumber Co. v. Miller*, 360 Or 767, 778, 388 P3d 327 (2017) (explaining that some conclusions under ORCP 71 B(1) are legal conclusions reviewed for error of law, such as "whether a moving party's neglect, inadvertence, surprise, or mistake constitute cognizable grounds for relief"). If the trial court relied on an incorrect understanding of the law in exercising its discretion, then the trial court abused its discretion. *See State v. Larrance*, 270 Or App 431, 440, 347 P3d 830 (2015) (explaining that because the trial court "ultimately decided the matter in reliance on [an] erroneous view of the law, the court abused its discretion[]").

ORCP 71 B(1) requires the movant to attach a responsive pleading so the trial court can "satisfy itself that there are in fact substantial issues to be decided before allowing a party" to set aside a judgment and reopen a case. *Bella v. Aurora Air, Inc.*, 279 Or 13, 18, 566 P2d 489 (1977) (construing the prior version of the default judgment statute, *former* ORS 18.160 (1975), *repealed by* Or Laws 1981, ch 898, § 53); *see also Ballinger*, 254 Or App at 407 (interpreting ORCP 71 B "based on case law construing the statutory antecedent to ORCP 71 B, *former* ORS 18.160 (1979), *repealed by* Or Laws 1981, ch 898, § 53").[5] But "the requirement of presenting a meritorious defense does not turn on the form of the tendered motion or pleading[.]" *Bella*, 279 Or at 17-18. The Council on Court Procedures intended that "'the party who makes the motion must demonstrate that a claim or defense is being asserted and that *vacation of the judgment would not be a waste of time*.'" *Ballinger*, 254 Or App at 407 (citing Commentary to Council on Court Procedures, Oregon Rules of Civil Procedure and Amendments, Rule 71, 33 (Dec 1980) (emphasis in original)).

In *Ballinger*, a post-conviction case, the defendant "moved for summary judgment on the ground that [the] petitioner could not prove that his trial counsel was inadequate or that [the] petitioner was prejudiced." 254 Or App at 404. The petitioner's lawyer notified the court that he would not file a response, and the post-conviction court granted summary judgment and entered a judgment dismissing the case. *Id*. The petitioner personally filed a motion for relief from the judgement with a supporting memorandum of law. *Id*. at 404-05. The petitioner argued that the trial court should grant him relief because his lawyer failed to notify him that the lawyer would not respond to the defendant's motion for summary judgment and the petitioner had not been provided an opportunity to personally respond to the

---

[5] ORS 18.160 was codified in 1953 as a part of the legislative overhaul that replaced the Oregon Compiled Laws Annotated with the Oregon Revised Statutes. ORS 18.160 was not amended at any point before it was repealed in 1981 and subsequently incorporated into ORCP 71. The statute has remained largely unchanged since it was first enacted in 1853. The original version permitted a party to move for relief from a judgment based on "mistake, inadvertence, surprise, or excusable neglect" and "within one year[,]" just like ORCP 71 B(1). General Laws of Oregon, Civ Code, ch I, title XII, § 100, p 163 (Deady 1866).

defendant's motion. *Id*. The petitioner "did not include, with his motion for relief from the judgment, a proposed response to [the] defendant's motion for summary judgment or include any evidence of how his trial counsel in the criminal case was ineffective." *Id*. at 405. The defendant responded and argued that [the] "petitioner had not identified a specific ground for relief from the judgment." *Id*. The trial court denied the petitioner's motion for relief from the judgment, writing "'no legal basis[.]'" *Id*.

On appeal, we acknowledged that the text of ORCP 71 B did not perfectly fit the circumstances of the case because a party does not file a pleading or Rule 21 A motion in response to a motion for summary judgment. After reviewing the commentary to the rule and our prior case law, we explained that the petitioner could comply with ORCP 71 B by "address[ing] the merits of the defendant's summary judgment motion and demonstrating that the petitioner had a "colorable response to the motion." *Id*. at 408 (citing *Bella*, 279 Or at 17-18).

We noted that the party opposing summary judgment "has the burden of producing evidence on any issue raised by the motion for summary judgment." *Id*. (citing ORCP 47 C). The petitioner failed to present "a plausible response to [the] defendant's summary judgment motion along with the basis for relief under ORCP 71 B(1)(a)[,]" because he did not produce any evidence or even describe the evidence that he would produce on the issues raised by the defendant's motion for summary judgment. *Id*. at 408-09. We therefore affirmed the trial court's denial of his set aside motion. *Id*. at 409.

Here, like in *Ballinger*, husband does not seek relief from a default judgment. Husband seeks relief from a stipulated general judgment of dissolution of marriage. As the parties acknowledge on appeal, it would be procedurally improper and illogical for husband to file a responsive pleading or Rule 21 A motion when challenging the stipulated dissolution judgment. Thus, as in *Ballinger*, we look to the purpose underlying ORCP 71 B and ask whether husband "addressed the merits" of the substantive issue—here, the division of property—and presented a "colorable" argument

that the outcome of the dissolution judgment would change if the court granted him relief. That analysis starts with the standard a trial court applies when dividing property in a martial dissolution case.

A court in a marital dissolution matter has authority to divide the property of the parties "as may be just and proper in all the circumstances." ORS 107.105(f); *see Van Winkle and Van Winkle*, 289 Or App 805, 811, 412 P3d 243, *rev den*, 363 Or 224 (2018) ("[A]fter determining the nature of the parties' assets, the court must proceed to distribute all assets in a manner that is 'just and proper in all the circumstances.'" (Quoting ORS 107.105(f).)). A court applies ORS 107.105 and considers "equitable considerations," which vary according to the individual circumstances of the parties. *Kunze and Kunze*, 337 Or 122, 135-36, 92 P3d 100 (2004). The factors a court considers include how the assets were acquired, the impact of the sale of assets, and the associated taxes or costs. ORS 107.105(1)(f)(A)-(H). "The court shall require full disclosure of all assets by the parties in arriving at a just property divisions." ORS 107.105(1)(f)(F).

The court should also consider "the court's determination under the presumption of equal contribution," the "social and financial objectives of the dissolution," and "any other considerations that bear upon the question of what division of the martial property is equitable." *Kunze*, 337 Or at 135. A court may consider "the preservation of assets; the achievement of economic self-sufficiency for both spouses; the particular needs of the parties * * *; and the extent to which a party has integrated a separately acquired asset into the common financial affairs of the marital partnership through commingling." *Van Winkle*, 289 Or App at 811 (internal punctuation omitted; citing *Kunze*, 337 Or at 135-36).

That broad discretion means that a party may rely on a broad range of circumstances when advocating for their preferred division of martial property. The parties have not pointed us to a statute or rule that requires a party in a dissolution proceeding to file a particular motion or type of document to contest a division, and we are unaware of one. Husband's memorandum and exhibits in support alleged

circumstances that, if credited, might change the trial court's "just and proper" division of the marital assets. The memorandum argued that the property division was inequitable and unjust, and husband attached exhibits that at least colorably supported his argument. *See* ORS 107.105(1) (f) (providing the trial court's authority to divide or dispose of the "real or personal property, or both, of either or both of the parties as may be just and proper in all the circumstances"). Husband alleged, in detail, that the court's property division was influenced by wife's alleged fraud, misrepresentation, and misconduct, and by husband's inability to properly and duly prepare for and participate in the settlement negotiations due to his incarceration. He provided extensive evidence to support his claims. For example, husband presented supporting declaratory evidence from his private investigator that stated that the private investigator was prevented from delivering legal documents to husband at the prison and that he knew that husband had "substantial issues" accessing confidential communications with his attorney while incarcerated there. Husband also submitted his own declaration as to what he learned about wife's alleged failure to fully disclose information about the pending sales of marital assets and referred back to previously filed exhibits showing communications that, in his view, prove wife's fraud and misconduct.

Although the form of the memorandum and exhibits might have differed from the typical form of filings in dissolution proceeding, whether a party satisfied ORCP 71 B turns on the substance of the filing, not the form. *Bella*, 279 Or at 18. Accordingly, husband presented a complete motion under ORCP 71 B to the trial court. The trial court made a legal error when it concluded that the motion was incomplete. Because it exercised its discretion based on that legal error, the trial court abused its discretion when it treated the motion as incomplete and therefore refused to consider it.

B.   *ORCP 71 C*

We next address husband's arguments that the trial court erred when it denied his motion to set aside the judgment under ORCP 71 C without oral argument. As with

the ruling under ORCP 71 B(1), whether a motion complied with ORCP 71 C presents a legal question that we review for error of law. A trial court's exercise of discretion based on erroneous legal conclusion constitutes a legal error, as we explained above. *See Larrance*, 270 Or App 440 (applying that standard of review).

Husband sought to set aside the judgment on a theory of fraud under ORCP 71 C. Husband's motion complied with ORCP 71 C. That provision does not include a time limit for filing. It does not require the moving party to attach a pleading. Thus, the trial court erred when it concluded that husband's motion was not properly before the court with respect to the ORCP 71 C fraud allegation because petitioner had not supported his motion with a pleading or Rule 21 A motion. Those requirements apply to a motion under ORCP 71 B, not under ORCP 71 C.

C.  *UTCR 5.05*

In his motion to set aside the general judgment, husband requested oral argument under UTCR 5.050(1). A trial court must permit oral argument when a party requests oral argument as required by UTCR 5.050(1). *Zehr v. Haugen*, 318 Or 647, 652, 871 P2d 1006 (1994).

Husband complied with the UTCR 5.050(1). Thus, the trial court was obligated to provide oral argument before ruling on the motion, *Zehr*, 318 Or at 652, and we conclude that it erred when it denied husband's motion without doing so. We need not reach husband's challenges to the trial court's denial of the amended motion because of resolution of his challenges to the trial court's ruling on the original motion.

### III.   CONCLUSION

The trial court erred when it determined husband's motion to set aside the general judgment was incomplete as filed. The trial court also abused its discretion when it failed to consider the motion without providing oral argument under UTCR 5.050(1). Accordingly, we reverse and remand.

Reversed and remanded.